## STATE *v.* RUTHA WILLIAMS.

Where a *feme covert* commits an assault and battery in the presence of her husband, it is presumed, in the absence of evidence to the contrary, that she did it under his constraint.

This presumption of law, however, may be rebutted by the circumstances appearing in evidence, and showing that, in fact, the wife acted voluntarily, and without constraint.

*Semble,* That this principle applies only to misdemeanors committed by the wife in the presence of her husband.

This was an indictment for assault and battery tried before *Moore, J.,* at Spring Term, 1871, of Edgecombe Court.

The husband of the *feme* defendant was jointly indicted with her for an assault and battery upon one Anna Davis. It was in evidence that the defendant and her husband committed a battery on the prosecutrix. The defendant's counsel asked the Court to instruct the jury that the *feme* defendant was not guilty, as the offence had been committed with her husband, and in his presence.

The Court declined so to charge, but instructed the jury that when a married woman in the presence of her husband, committed an offence against natural law, and with force and violence, the presumption of coercion did not arise. Defendant excepted ; Verdict of guilty ; Judgment, and Appeal.

*Attorney General* for the State.

No counsel for the defendant.

RODMAN, J. The liability of a wife for a crime committed in the presence of her husband, has been variously stated by respectable text writers. *Blackstone* Book 1, p. 444, says, " and in some felonies, and some inferior offences committed by her (the wife) through constraint of her husband, the law

excuses her : but this extends not to treason, or murder." The same writer in Book IV, says, " and she will be guilty in the same manner, of all those crimes which like murder, are *mala in se*, and prohibited by the law of nature." 1 Russ, cr. 16. Also in Archbold's Crim. Prac. and Plead. 6. " So if a wife commit an offence under felony, even in company with her husband, she is liable to punishment as if she were not married." For this is cited 1 Hawk. ch. 1, sec. 13, " and generally a *feme covert* shall answer as much as if she were sole, for any offence, not capital, against the common law or statute. And if it be of a nature that may be committed by her alone without the concurrence of her husband, she may be punished for it without her husband," &c.

It was upon a recollection of these authorities that his Honor below ruled in the case as he did.

Nevertheless upon a fuller examination of the authorities, we are of opinion that he was in error.

It seems to be admitted by all the authorities, that if a wife commit any felony, (with certain exceptions not material now to consider,) in the presence of her husband, it shall be presumed, in the absence of evidence to the contrary, that she did it under constraint by him, and she is therefore excused.

It is generally agreed that treason and murder are exceptions to this rule; and some add to these, manslaughter, robbery and perjury, although the last is not a felony. The most important, (perhaps all) of the authorities will be found referred to in the notes to *Commonwealth* v. *Neal*, 10 Mass. 152,, 1 Leading Criminal Cases, 81 ; in the argument of the counsel for the prisoner in *Regina* v. *Cruse*, 2 Moody C. C. 53, and in 1 Bishop C. Law, 452.

As has been seen, several eminent text writers confine the presumption to cases of felony. But the more recent cases, both English and American, extend it to misdemeanors as well ; those cases excepted, which from their nature would seem more

likely to be committed by women, such as keeping a bawdy house, &c.

The case above refered to, of *Commonwealth* v. *Neal*, 10 Mass. 152, was an indictment against husband and wife for an assault and battery, and is therefore in point. Bishop 1 vol. ·sec. 452, considers the rule applicable to all offences whatever, ·with certain exceptions such as treason, murder, &c. There :are many English cases in which it has been applied in indict- :ments for receiving stolen goods. *Rex* v. *Archer*, 1 Moody C. C. 143; *Regina* v. *Barber*, 4 Cox C. C. 272. *Rex* v. *Price*, 8 C. and P. 19, was for a misdemeanor in uttering counterfeit coin; and so was *Conolly,s case* 1 Lewin C. C. 227.

When our accustomed authorities differ as to a principle, it is always proper to look at its foundation in reason. Mr. Lewin in his note to *Rex* v. *Hughes*, 2 Lewin C. C. 225, says that the reason of the rule in cases of burglary and larceny, had been said to be, that the wife might not know whose the goods were that were taken. This reason he properly rejects as insufficient, and suggests that it was considered odious and unjust to inflict on the wife a severe punishment, when the husband could plead his clergy, (which a woman could in no case ·do,) and thus escape with a slight one.

The reason would confine the principle to the clergiable felonies. It seems, however, more natural to suppose the principle ·to have been founded upon the fact, that in most cases the husband has actually an influence and authority over the wife, which the law sanctions, or at least recognizes. 1 Hawk. ch. 1, ·sec. 9; 1 Bishop C. L. 452. In that case the reason would apply to misdemeanor with at least as much force as to clergiable felonies. And this we think the true view.

It is also conceded by all the authorities, that the presumption may be rebutted by the circumstances appearing in evidence, and showing that in fact, the wife acted without constraint; or by the nature of the offence. But in this case no -circumstance appears tending to rebut the presumption which

the law raises; and the case was not put to the jury in that point of view.

There was error.

Per Curiam.                                                        Venire de novo.