Hon. T. L. NORVAL,  } Judges.
Hon. J. J. SULLIVAN, }

Hon. ROBERT RYAN,    }
Hon. JOHN M. RAGAN,  } Commissioners.
Hon. FRANK IRVINE,   }

---

## JOHN R. SMITH v. HAINES MEYERS.

FILED FEBRUARY 17, 1898.   No. 7299.

1. **Pleading:** MOTION TO STRIKE. When a motion to strike matter from a pleading cannot properly be sustained as made, it is not error to overrule it altogether, although a narrower motion might have been well taken.

2. ————: ————: ANSWER: REPLY. A defendant who by answer pleaded new matter, which the court refused to strike out as immaterial, cannot be heard to complain that the court erred in refusing to strike from the reply allegations traversing those of the answer.

3. ————: IMMATERIAL ISSUES: EVIDENCE. A party who has himself tendered an immaterial issue, which the court has refused to eliminate from the pleadings on motion of the other party, cannot be heard to object to evidence relating to that issue on the ground that it is immaterial.

5                              (1)

4. Criminal Conversation: ACTION: COMPROMISE. There exist in actions for criminal conversation the same rights to compromise and the same privilege with regard to offers to compromise as in other actions.

5. Married Women: WITNESSES: PERJURY. It is not the law that a married woman, testifying in the presence of her husband, is not subject to the penalties of perjury, because conclusively presumed to act under his compulsion.

6. Criminal Conversation. *Smith v. Meyers*, 52 Neb. 70, reaffirmed.

REHEARING of case reported in 52 Neb. 70. *Reaffirmed.*

*Isham Reavis* and *C. Gillespie*, for plaintiff in error.

*Francis Martin*, contra.

IRVINE, C.

This was an action for criminal conversation, resulting in the district court in a judgment for the plaintiff, which was by this court affirmed. (*Smith v. Meyers*, 52 Neb. 70.) A rehearing was granted, and the questions involved have been re-examined.

Perhaps the most vigorous attack is made upon the judgment on the ground that the court erred in overruling defendant's motion to strike out certain portions of the reply. This assignment of error was disposed of in the former opinion very briefly, on the principle that the defendant, by allegations in his answer, had invited the pleading in the reply of the matter at which the motion was aimed. After re-examining the record in the light of the argument on the rehearing, we are entirely satisfied with the conclusion expressed in the former opinion, but deem it best at this time to more particularly state the manner in which the question is presented. The answer contained, in its first paragraph, a denial of all averments in the petition except that of the marriage relation existing between the plaintiff and the person with whom the illicit relations were charged to have been had. In the second paragraph the defendant pleaded that the plaintiff was still living with his wife,

and that he had not therefore been deprived of her society. In the third paragraph it was alleged that "this action of plaintiff is a mere scheme of blackmail to extort money from this defendant upon a false and wicked charge of violating the bed of plaintiff, and is entirely destitute of any other merit; that said plaintiff has demanded money from the defendant as compensation for such pretended wrong, both before and since the commencement of this action, and has offered to sign a paper, and have his wife do likewise, stating the facts set forth in his petition, constituting his pretended cause of action, were false." The plaintiff moved to strike out the second and third paragraphs of the answer, and the court overruled the motion. The plaintiff then replied, admitting that he was living with his wife, and averring that upon the discovery that she had been debauched he left her, but was persuaded to return from consideration of his children; that the action was not a scheme of blackmail, but an honest appeal to the courts; that plaintiff caused certain propositions to be made to the defendant looking to a settlement or compromise, and to avoid the scandal of a public trial; that when plaintiff first learned of the wrong done him, his wife informed him that the illicit intercourse had been accomplished by force, and thereupon plaintiff had consulted the county attorney and requested him to prosecute the defendant for rape, but that officer advised him that it was not likely that such a charge could be substantiated by the necessary evidence; that then plaintiff concluded that if he could obtain sufficient money to take him and his family away from the scene of the offense it would be better to do so, and with that object in view he solicited defendant to furnish him sufficient money to effect that purpose. There were other averments of a similar nature. The motion, to the overruling of which exception was taken, asked that all this reply, except the admission that plaintiff was living with his wife, be stricken out. It may be conceded that the fact that the plaintiff was still living

with his wife was properly pleaded in mitigation of damages, and still further, that the force of this fact was not met or lessened by pleading any particular motive which may have induced the plaintiff to return to her, although the latter contention ill comports with the other, vigorously made by the defendant, that by returning to her plaintiff had condoned the offense, or evidenced his connivance therein, and therefore could not recover. Nevertheless, admitting for this matter all the force that defendant now claims for it, and conceding that the pleading thereof in the answer was correct, and its confession and avoidance in the reply was immaterial, the motion was not only to strike out the matter in reply pleaded in avoidance of the continued cohabitation, but it was directed to all the new matter, including a specific denial that the action was merely a scheme of blackmail. On this point the defendant should have confined himself to his denial of the seduction, or, at the farthest, to a distinct plea of connivance of the plaintiff in the commission of the offense. When he went further than this and undertook to justify by pleading that the plaintiff had proceeded from bad motives, the latter had only one of two courses to pursue—to strike at that portion of the answer as irrelevant, or to meet the issue tendered. He did strike at the averment by motion, and the court, by overruling his motion to strike it out, held that it tendered a material issue. Plaintiff was then compelled to meet it by reply, or else confess matter which the court had determined to be material towards constituting a defense. It would be a strange condition of the law which would deny to a party the right to have an immaterial issue eliminated and at the same time forbid his controverting the facts so remaining in the pleadings against his protest. To reverse a judgment because a party had traversed matter which the court, even erroneously, had held to be material, would subject him at all times to the certainty of an adverse judgment if his opponent were only shrewd enough to plead what was im-

material and to avoid material issues. A portion, at least, of the matter aimed at by the motion being proper for the purpose of traversing matter which the defendant had pleaded and the court adjudged to be material, error cannot be assigned upon the overruling of the motion.

Closely related to this question is the assignment that the court erred in permitting the county attorney to testify that the plaintiff and his wife had requested him to prosecute the defendant for rape. The mere fact was proved. The details were not offered. The defendant had pleaded that the plaintiff and wife were living together, and that plaintiff had asked for money and agreed to retract his charges on payment of the sum demanded. Plaintiff had undertaken to meet this by showing that as his wife first narrated the circumstances to him, the case was one of rape, a circumstance which would explain the continued cohabitation, and rebut the inference of connivance for which the defendant contended. In this aspect the evidence was properly admitted, provided the issue was properly permitted, and we have already held that the defendant after tendering the issue cannot be heard to say that it was immaterial. So far as the evidence, taken with that tending to show an offer to compromise, might tend also to show an attempt to compound a felony, we cannot see how it was prejudicial to the defendant.

Complaint is made of the giving of certain instructions asked by the plaintiff to the effect that parties have a right to compromise their differences, and that if it should be found that an offer had been made solely for that purpose it must be disregarded. It may be as contended that the action is an anomaly and a relic of a primitive civilization. Whether it is better to permit to men the somewhat doubtful satisfaction afforded by a public airing of such a grievance and the solace of a money judgment, or whether, on the other hand, it would be better to leave the parties to the form of redress which would be resorted to in the absence of an action at law,

is a question to be addressed solely to the legislative branch of the government. The law still recognizes such an action, and inasmuch as it is recognized as a civil remedy, we conceive that there exist the same rights of compromise as in other cases. On the one side it was insisted that certain admissions went with the proposal to accept a sum of money in settlement; on the other it was insisted that the offer had been made solely with a view to a compromise. The instructions left to the jury the consideration of any admissions of fact which were made, and withdrew only the offer to compromise provided it should be found that that was the sole object of the offer. In this the defendant has no ground of complaint.

Two instructions were requested by the defendant to the effect that the law so far presumes the wife to be under the control of the husband that, except for homicide and treason, she is conclusively presumed to commit any crime committed in his presence under compulsion by him, and that therefore she could not be convicted of perjury because of her testimony in this case, even if, in the language of the instruction, the action was "a blackmailing scheme, and set up job on the defendant." The language quoted was so undignified, to use no harsher term, that the court was for that reason quite warranted in refusing to give it judicial sanction by incorporating it in its charge. But beyond this, its object was to discredit the wife's testimony by stating that she was not subject to the penalties of perjury because of the presumed coercion of the husband. The general rule stated may have the sanction of age and may have been justified by the social conditions of primitive times, when we are told that the husband might moderately chastise his wife, the only issue in such case being the size of the stick employed for such purpose. We do not care to inquire what real sanction it finds in adjudicated cases—possibly no more than is found for the law of chastisement. Certain it is that such a presumption runs counter to our broad

laws as to the competency of witnesses, and counter to the reason of men, in view of the domestic relations as they now exist, protected by more enlightened custom, and a kindlier law. A wife is no longer a marionette, moved at will by the husband, either in fact or in law; and with the legal recognition of a separate and responsible existence, she must assume some of the burdens of life—among others that of testifying to the truth, under the customary penalties.

Other questions argued are discussed in the former opinion. They have been re-examined, but we have seen no reason to depart from the views therein expressed.

AFFIRMED.