# CHARLESTON.

## STATE v. MAMIE JONES.

Submitted June 4, 1903. Decided November 14, 1903.

1. INDICTMENT—*Demurrer.*
   An indictment charging the keeping a house of ill fame, in the language of the statute is sufficient on demurrer or motion to quash. (p. 615).

2. TRIAL—*Continuance.*
   Where the trial court sees the only object for a continuance is matter of delay, the court commits no error in refusing to grant it. (p. 615).

3. TRIAL—*Continuance.*
   It is not error for the trial court to compel a defendant who is seeking a continuance for the purpose of delay to disclose what she expects to prove by an absent witness. (p. 615).

4.  HUSBAND AND WIFE—*Indictment.*
    A husband and wife are equally guilty in keeping a house of
    ill fame in property used, occupied and controlled by them
    both, and in such cases she is not presumed to be acting un-
    der his coercion.  (p. 615).

Appeal from Circuit Court, Marion County.

Action by State of West Virginia against Mamie Jones.
Judgment for the State and plaintiff appeals.

*Affirmed.*

ATTORNEY GENERAL, for defendant in error.

T. N. PARKS and U. N. ARNETT, JR., for plaintiff in error.

DENT, JUDGE:

Mrs. Mamie Jones, wife of Festus, complains because the
intermediate court of Marion County found her guilty of keep-
ing a house of ill fame, and adjudged her to pay a fine of $100.00
and to rest in prison in the county jail for thirty days. The
circuit court would afford her no relief, and so she presents her
objections to this Court. The first is that the indictment is
insufficient. It is as follows:

"State of West Virginia, Marion County, to wit: In the
circuit court of the said county, November term, 1900. The
grand jurors of the State of West Virginia, in and for the body
of the county of Marion, and now attending the circuit court
of said county, upon the oaths present that Mamie Jones to
wit, on the —————— day of October, 1900, and on divers other
days and times thereafter, at the said county of Marion, unlaw-
fully did keep and maintain a certain house of ill fame, re-
sorted to during all that time, and now resorted to, by divers
and dissolute persons, both men and women, (to the jurors
aforesaid unknown), for the purpose of prostitution and lewd-
ness, against the peace and dignity of the State. G. M. Alexan-
der, prosecuting attorney for the said county of Marion."

It follows the statute, except it contains some unnecessary
surplusage. *State* v. *Eblan,* 44 W. Va. 522, 525, 528. The
date charged is immaterial, so it is not impossible, or after
the finding of the indictment, or subject to the bar of the stat-
ute of limitations. It is not necessary to allege any act of lewd-
ness or prostitution, as the words "keeping a house of ill fame"

implies all this under our statute. It is not necessary to charge that the house was in a public place, or in any wise affected the public. To keep it in a private place is forbidden by the statute, and houses of ill fame are recognized as injurious to public morals wherever kept. The indictment in the case of the *State* v. *McGahan,* 48 W. Va. 438, (37 S. E. Rep. 573), was for keeping a disorderly house, and not a house of ill fame. The motion to quash the indictment was properly overruled. The second and third objections are that the court erred in refusing to grant her a continuance. This is a matter of sound discretion, which will not be disturbed, unless it is plainly erroneous. The court had a right to examine her as to what she intended to or could prove by the absent witness so as to ascertain the sincerity of her motion. To this question she gave no intelligible or sufficient answer, but her conduct and evidence shows that her only object was delay. The continuance was properly refused. *State* v. *Madison,* 49 W. Va. 96; *State* v. *Lane,* 44 W. Va. 731; *State* v. *Harrison,* 36 W. Va., 729. The fourth, fifth and sixth objections are founded on the fact that she was a married woman living with her husband and presumed to be under his coercion. In a charge of keeping a house of ill fame the ordinary rule of coercion does not apply, "for this is an offense as to the government of the house in which the wife has a principal share, and also such an offense as may generally be presumed to be managed by the intrigues of her sex." 1 Hawk P. C. C. section 12. No one could imagine for a moment that any woman could be coerced by her husband into keeping a house of ill fame, nor that any pure wife, free from blame would remain at such a house kept without her consent and connivance. This is one instance in which man, poor man, is not wholly to blame, and it is only the most vicious and depraved men and women that keep, abide in and frequent such abominable institutions, the open jaws of man's eternal destruction. While man's depravity creates the demand for such unhallowed resorts, it is woman's depravity that keeps up the supply. Their prostitution is equally reprehensible and corruptible of and injurious to public morals.

In the eyes of the law the husband and wife are equally criminal in keeping or permitting a house of ill fame in property resided in and mutually controlled by them. 9 Am. & En. En.

Law, (2d Ed.) 531. Mame cannot blame Festus, nor Festus Mame, but both are equally guilty and should suffer punishment alike.

The judgmentof the circuit court is plainly right, and is therefore affirmed.

*Affirmed.*