STATE v. JANIE NOWELL.

(Filed 9 November, 1911.)

1. **Abduction—Children Under Fourteen—Females—Evidence Sufficient.**

   Upon trial for abducting or inducing any child under fourteen years, residing with father, mother, etc. (Revisal, sec. 3358), evidence is sufficient for a conviction which tends to show that the defendant and her husband resided at the town of C. and prosecutrix in the town of L.; that defendant solicited the prosecutrix, a girl under fourteen years of age, to go to C. with her, stating that she should have fine clothes, plenty of money, and an easy time, and after several subsequent refusals resulting in indecision, the prosecutrix consented to go and did go to C. with defendant and her husband, the latter paying railroad fare and defendant suggesting a change of dress and doing other things to effect a concealment of the prosecutrix; that from expressions used at C. defendant expected to bring some girls home with her; that after keeping the prosecutrix overnight at C., the defendant refused to let prosecutrix go back to her home; and that she was found by the police at defendant's house and was carried back home by her father.

2. **Power of Courts—Contempts—Court's Discretion—Appeal and Error.**

   Upon trial for an abduction of a girl under fourteen years of age (Revisal, sec. 3358), the counsel for defendant denounced the introduction of a negress to testify to the bad character of

the defendant, a white woman, which drew great applause from those in the courtroom. The court had one woman arrested and seated on the prisoner's bench in full view of the jury: *Held,* the action of the trial judge in preserving order in his court, in respect to contempts in the presence of the court, is not subject to review on appeal, unless there is a gross abuse of discretion, which does not here appear.

3. **Abduction—Husband and Wife—Coercion—Presumptions—Rebuttal—Burden of Proof—Instructions.**

Upon evidence to sustain the charge, it is not error for which the defendant, charged with abduction of a girl under fourteen years of age (Revisal, 3358), can complain, for the judge to instruct the jury that where a married woman commits a crime in the presence of her husband it is presumed, in the absence of proof to the contrary, that she did it under his coercion, and unless the State has satisfied them that this presumption is not true, then they should return a verdict of not guilty. *Semble,* that in cases of this character the presumption that the wife was acting under coercion of her husband does not obtain.

APPEAL from *Daniels, J.,* at September Term, 1911, of ROWAN.

Indictment for abduction of Clara Bell Gibbs under section 3358, Revisal. There was a verdict of guilty. Motion for new trial overruled. The defendant was sentenced to the State's Prison, from which sentence she appeals.

*Attorney-General T. W. Bickett and Assistant Attorney-General George L. Jones for the State.*

*Walser & Walser, Stewart & McRea, and R. Lee Wright for defendant.*

BROWN, J. There are twenty-six assignments of error, nine of which relate to the introduction of evidence. We have examined these assignments of error with care and considered the evidence objected to, and while his Honor may have been technically wrong in one or two instances, we do not find any substantial error committed in the rulings upon evidence which would warrant us in ordering another trial. The corroborative evidence offered by the State and received in evidence we think comes within the rule as defined by this Court. *S. v. Maultsby,* 130 N. C., 664; *S. v. Freeman,* 100 N. C., 434.

The crime of which the defendant stands convicted is defined in Revisal, sec. 3358, as follows: "If any one shall abduct, or by any means induce any child under the age of 14 years, who shall reside with the father, mother, uncle, aunt, brother, or elder sister, or shall reside at a school, or be an orphan and reside with a guardian, to leave such person or school, he shall be guilty of a felony, and on conviction shall be fined or imprisoned in the State's Prison for a period not exceeding fifteen years."

The evidence for the State tends to prove that the defendant and her husband resided in Charlotte, and that Clara Bell Gibbs, a girl under 14 years, resided in Lexington, N. C., with her parents. She testified that defendant came to her and solicited her to go to Charlotte and reside with her, stating that she should have fine clothes, plenty of money, and an easy time. She refused to go. On 9 May, 1911, defendant again saw her in Lexington, and solicited witness to go with her. The witness refused, saying that her mother was ill, and she could not leave her. She was seen again about 2 o'clock the same day by the defendant, and was again urged to leave home and go away with her. She again refused, but gave the matter some consideration. Again that afternoon, about 6 o'clock, she was seen by both defendant and defendant's husband, and they both insisted on her joining them and going away to a life of pleasure. She left them undecided, she said, and then, together with another girl, Vertie Kindly, joined them at the depot that night and the four left on train No. 35 for Charlotte. The tickets for the two girls were furnished by husband of defendant. The defendant and the girls went on to Charlotte alone, the husband of the defendant leaving the train at Salisbury. Prosecuting witness testified that she was directed by defendant to change dress on the train at Salisbury, so she would not be recognized, and she did as directed. She further testified that when they arrived at Charlotte the defendant left the two girls in the station until she could secure a carriage, it being understood that they were to join her when she gave the signal. On their way to the home of the defendant the darky

STATE *v.* NOWELL.

asked defendant if these were the girls, and she said yes. He asked then where the other one was, and she said there was nothing doing with her. Both girls testified that they neither slept nor ate any that night, and next morning both girls cried and insisted on returning home. This request was refused both girls at first, but directly defendant allowed Vertie Kindly to return, but said prosecuting witness could not go. That afternoon the officer in search of her found the prosecuting witness at the home of the defendant, and returned her to her father, and he carried her back to her home in Lexington that night.

The defendant admitted in her testimony that the girl, Clara Bell, went with her, but testified that she went of her own volition, without coercion or persuasion, and introduced evidence tending to contradict and explain the testimony of the witness for the State. The evidence for the State, if believed to be true, is ample to justify a conviction.

During the argument of counsel for defendant, and while denouncing the introduction of a negro witness to prove the bad character of defendant, a white woman, there was great applause. The court had one woman arrested and seated on prisoners' bench in full view of the jury. To this the defendant excepted.

This exception is untenable. The conduct of the court in reference to such matters as the preservation of order and in respect to contempts in the presence of the court must of necessity be left to the sound discretion of the court. The conduct of the judge is not reviewable unless there is a gross abuse of discretion, which does not appear in this record. *S. v. Harrison,* 145 N. C., 414; *S. v. Wilcox,* 131 N. C., 707.

The defendant submitted a prayer for instruction in reference to the defendant acting under the coercion of her husband, and excepted to portions of the charge upon that phase of the case. Upon this subject his Honor charged at some length. He substantially told the jury that where a married woman commits a crime in the presence of her husband it is presumed, in the absence of proof to the contrary, that she did it under his coercion. If you find that the acts leading up to the abduc-

tion charged were committed in the presence of the husband of the defendant, and that the actual taking of Clara Bell Gibbs away from Lexington was done by the defendant and her husband, the husband always being present, then the law presumes that the part taken by the defendant was under the coercion of her husband, and unless the State has satisfied you that this presumption is not true, then you should find that the defendant is "not guilty."

Should you find that the act was done under the coercion of the husband in this indictment against the wife, it is not necessary to show that the act was done literally in sight of the husband, but it is sufficient to raise the presumption if it was done near enough to her husband to be under his immediate control or influence.

If the jury find from the evidence that the defendant committed the act or acts for the commission of which she stands indicted, in the presence of her husband or near enough to him to be under his immediate control or influence, then the law raises the *prima facie* presumption that she acted under the coercion of her husband; and if the jury further find that the State has not rebutted this *prima facie* presumption, the jury should find the defendant not guilty.

We think this is a statement of the law of which the defendant has certainly no right to complain. *S. v. Williams,* 65 N. C., 398. The court gave her the benefit of a presumption, but it is not a conclusive presumption. The presence of the husband makes out a *prima facie* case of coercion only, and is subject to be controlled by evidence that the wife acted voluntarily and not by compulsion. 15 Am. and Eng. Ency., 904; 1 Russell on Crimes, 9 Am. Ed., 35.

It is not necessary to decide the question, but it may well be doubted whether the defendant could avail herself of such defense against a charge of this character, viz., the abduction of a girl by persuasion. It has been said by the early writers on criminal law that "if the offense be of such a nature that it may be committed by the wife alone, without the concurrence of her husband, she may be punished for it without her hus-

band." Archbold's Crim. Pr. and Pl., 6; I Hawkins Pleas, ch. 1, sec. 13. Among the crimes excepted from the rule are keeping bawdy-houses and offenses of a like character. This principle would cover, we are inclined to think, abducting girls by solicitation for immoral purposes, a business in which the defendant was more likely to be acting upon her own initiative rather than under the coercion of her husband.

We have examined the charge as a whole, and find it to be a full, clear, and correct presentation of the case to the jury and fully as favorable to the defendant as she had just right to expect.

No error.