CLARK, C. J., concurring.
Indictment for selling liquor. The defendants were both convicted, and appeal.
The defendants are husband and wife. Both were indicted and convicted of the crime of selling intoxicating liquor.
The evidence on the part of the State tends to show that the defendants kept a house of questionable repute; that the prosecuting witness, Lawrence, in company with another, visited the house, and that the feme
defendant, in the presence of her husband, sold Lawrence two pints of whiskey; that at the same time the defendants gave Lawrence, who was posing as a whiskey drummer, two orders, one for 24 pints of whiskey to be shipped to Landis, a station near Concord, this order being signed by the wife, and one for one barrel of Budweiser to be shipped to Concord, this order being signed by the husband.
The evidence on the part of the defendant is that no liquor (375) was sold; that Lawrence himself furnished the liquor which, it is admitted, was drunk by the parties present.
There are two assignments of error:
1. For admitting testimony of Joe Lawrence as to what Mehaffey said, which is the subject of the first exception.
2. That part of his Honor's charge to the jury between (A) and (B), which is the subject of the second exception, and that part of his Honor's charge between (C) and (D), which is the subject of the third exception.
Joe Lawrence testified as follows:
"I was employed by the city of Concord as a detective, July, 1913, and went out to meet the defendants with Mr. Mehaffey. On 24 July I was in the Greek Candy Kitchen in Concord and came out and saw Mr. Mehaffey driving along the street in a buggy by himself. When we got out there, I found Mrs. Seahorn and two ladies. We sat down in the kitchen, and Mr. Mehaffey said to them, `Shake hands with Mr. Lawrence, a whiskey drummer from Richmond.' Mr. Mehaffey said I could take some orders."
The objection is made upon the ground that witness told the defendants what Mehaffey said. This is not hearsay. It was a conversation with *Page 334 
both defendants. It sheds light upon the real issue, and is a circumstance tending to show that defendants were engaged in the liquor traffic.
The second assignment challenges the correctness of the following portions of the judge's charge to the jury:
"(A) So, gentlemen, when you come to examine this evidence to ascertain whether or not the defendants' contentions are true, it is left to you. I cannot tell you what to find. If you find that there was a sale of liquor made there to Lawrence, and that the wife got the liquor and delivered it to Lawrence in the hearing and with the approval and acquiescence of the husband, in the husband's house, you would be justified in finding the husband guilty, although he did not touch the liquor or the money. In other words, if you find that the wife was acting as the agent of her husband, that she was simply dealing and getting the liquor out of the trunk and handing it over to this man, and (376) then collecting the money for this man, as his agent, or cooperating with him, aiding and abetting him in making sale in that way, he would be just as guilty as she is.
"Ordinarily, what the wife does in the presence of her husband is presumed to be done with his consent, to the extent that the wife is often excused for acts committed by her in his presence. In order that this may be so, however, it must expressly appear that it was with his consent, or made to appear from his acts or words. (B)
"(C) One of the defendant's counsel asked me to instruct you that if she made sales in his presence and under circumstances that she was acting under his coercion, and it was with his consent and approval, that she should be acquitted. That is substantially the instruction as I understood counsel to make. I don't wish to give you that instruction in this case, because she came upon the stand and made a statement, herself, as to her conduct and the circumstances and the things that happened on the premises. I leave it to you to pass upon her guilt or innocence by saying to you that if you find that she was acting voluntarily in the sale of liquor on this occasion, actually making the sales, or aiding and abetting and assisting her husband, she was doing this willfully and deliberately, you should find her guilty.
"If you find, however, upon a review of the testimony, that she was acting under the constraint of her husband, and that he was exercising such power over her as to cause her to make sales of liquor, in his presence, so that it was not her own voluntary act, but she was the agent of her husband, then, under the circumstances, you should acquit the wife and convict the husband.
"So that I will leave the case to you to pass upon all this testimony and say whether or not, under all the evidence, you are satisfied in the *Page 335 
manner in which I have instructed you the husband is guilty or not guilty, or whether or not you will find the wife guilty or not guilty, (D)"
This second assignment is not in due form. It should have set out briefly the parts of the charge excepted to. As the point is not made by the State, we waive it without creating a precedent.
The charge is not, strictly speaking, a compliance with S. v. (377)Williams, 65 N.C. 398, and S. v. Norvell, 156 N.C. 652. But we think that it may be considered, if not a substantial compliance, at least harmless error.
The jury evidently understood that they should not convict the feme
defendant unless they were fully satisfied that the wife was acting voluntarily and free from any constraint upon the part of her husband.
Then, again, the prayer itself was not technically correct. The defendants did not ask for any instruction about a presumption, but asked the judge to charge the jury that if the wife made the sale in the presence of the husband, and under circumstances that she was acting under his coercion, and with his consent and approval, that she should be acquitted.
It was entirely proper to decline to give this instruction, and if any error was committed, it was in the failure of the judge to charge that the law presumed that the wife acted under the compulsion of the husband, and the burden was upon the State to rebut this presumption.
This presumption is not a statutory presumption, but is a rule of evidence, established by the courts for the protection of married women at a time when they could not testify for themselves.
Now the feme defendant can testify for herself, and in this case she did, and testified that she sold no liquor at all. She did not claim to have acted under the constraint of her husband. It would appear that if any constraining was to be done, she was the more likely to do it than the husband. We doubt, in view of all the circumstances, and her own evidence, if she was entitled to this artificial presumption, but if so, she received the benefit of it.
Some courts hold against such presumption, and think it out of place in this enlightened age. S. v. Hendricks, 32 Kans., 559; and in Arkansas, Georgia, and Nebraska it has been abolished by statute. S. v. Bell,92 Ga. 49; Smith v. Myers, 54 Neb. 1.
We think, upon a review of the whole case, that the defendants have had a fair and impartial trial.
No error.