### DAWSON et al. v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. January 18, 1926. Rehearing Denied February 23, 1926.)

No. 4627.

1. Marriage ⬡⟲20(1)—In absence of statute forbidding marriage by contract, such marriage is lawful.

In absence of statute forbidding marriage by contract, such a marriage is lawful, and will be recognized by courts, as marriage was a civil contract at common law.

2. Marriage ⬡⟲40(4)—In Idaho, marriage may be presumed from living together as man and wife.

In Idaho, marriage may be presumed from living together as man and wife, in view of Comp. St. Idaho 1919, § 4600.

3. Husband and wife ⬡⟲107—Husband and wife could not legally conspire with each other.

It was not legally possible for husband and wife to conspire to violate White Slave Act, §§ 1–3 (Comp. St. §§ 8812–8814), when there were no other parties to conspiracy.

4. Husband and wife ⬡⟲108—Presumption that criminal act of wife was at husband's coercion does not arise in prosecution for transportation of girl for purpose of prostitution.

Presumption that criminal acts of wife in presence of husband were done at his coercion does not arise in prosecution for transportation of girl for purposes of prostitution, where evidence shows that wife intended to establish bawdyhouse and was moving spirit.

5. Criminal law ⬡⟲1170½(2)—Questioning accused as to association with sporting women held not prejudicial, in view of negative answer.

In prosecution for violation of White Slave Act, §§ 1–3 (Comp. St. §§ 8812–8814), asking accused on cross-examination whether she had not "seen a great many sporting women a greater part of her life," held not prejudicial, in view of negative answer given.

6. Criminal law ⬡⟲1169(11)—Admission of evidence not prejudicial, where proof had been made before first objection.

In prosecution for violation of White Slave Act, §§ 1–3 (Comp. St. §§ 8812–8814), admission of evidence of possession and sale of liquor by defendants held not prejudicial, when before first objection was made government had proved possession and sale by two witnesses.

7. Criminal law ⬡⟲1169(11)—Admission of record of former conviction on liquor charge not prejudicial, when evidence of liquor sales had been admitted without objection.

Where government did not admit marriage of defendants, admission on that issue of record of liquor conviction of woman under different name subsequent to alleged marriage could not have been prejudicial, where evidence of liquor sales had been admitted without objection.

8. Criminal law ⬡⟲392—Evidence that government had surrendered cash bail for attendance of absent witness properly excluded.

Evidence that government had surrendered cash bail furnished to secure attendance of absent witness was properly excluded, since government owed no duty to defendants to exact a bond for attendance of witness.

9. Criminal law ⬡⟲696(3)—Testimony tending to prove controverted fact properly retained, although confused.

Testimony which, although confused, tended to prove a fact in controversy, was properly retained.

10. **Witnesses** ⊚⟹345(1)—**Cross-examination with reference to untried criminal charge against witness properly excluded.**

Cross-examination with reference to criminal charge still untried was not admissible for purpose of impeachment.

11. **Criminal law** ⊚⟹844(1)—**General exception to every instruction of court on its own motion held insufficient.**

Under rule 10 of Circuit Court of Appeals, a general exception to each and every instruction given by court on its motion directs attention of trial court to no error, and is insufficient.

In Error to the District Court of the United States for the Southern Division of the District of Idaho; Frank S. Dietrich, Judge.

Paul Dawson and Celia Dawson were convicted on one count of conspiracy to violate the White Slave Act (Comp. St. §§ 8812–8814), and on two counts of unlawful transportation of a girl in violation of these statutes, and they bring error. Reversed and remanded on first count, and affirmed on other counts.

Plaintiffs in error, hereinafter called the defendants, were indicted on six counts. The first count charged a conspiracy to violate the White Slave Act. Sections 8812, 8813 and 8814, Comp. Stat. Count 2 charged the unlawful transportation of Edna Belnap from Twin Falls, Idaho, to Twin Springs, Nevada, in violation of the above statutes. Count 3 made the same charge with reference to Beebe Lewis, under date of April 19, 1924. Counts 4 and 5 charged the unlawful transportation, respectively, of Edna Belnap and Beebe Lewis from Twin Springs, Nevada, to Twin Falls, Idaho. Count 6 charged the transportation of Beebe Lewis on the 26th of April, 1924, from Twin Falls, Idaho, to Twin Springs, Nevada. Defendants were acquitted on counts 2, 4, and 5; they were convicted on counts 1, 3, and 6. This writ is sued out to review the judgment of conviction.

K. I. Perky, of Long Beach, Cal., Arthur W. Holden, of Idaho Falls, Idaho, and J. R. Smead, of Boise, Idaho, for plaintiffs in error.

H. E. Ray, U. S. Atty., and Sam S. Griffin, Asst. U. S. Atty., both of Boise, Idaho.

Before HUNT, RUDKIN, and McCAMANT, Circuit Judges.

McCAMANT, Circuit Judge (after stating the facts as above). The defendants testified that on the 24th of December, 1918, they entered into a written contract of marriage in the presence of Wm. L. McConnell, a notary or justice of the peace at Idaho Falls; also that since that date they have held themselves out as man and wife. Based upon this testimony, defendants requested the trial court to give the following instruction:

"That if you find from the evidence that the defendants were man and wife during the period covered by the first count or charge in the indictment, and the evidence herein, you should find both defendants not guilty on that count. The charge is one of conspiracy to commit crime, and it is not legally possible for a wife so to conspire with her husband, nor a husband with his wife."

An exception was reserved, and error is assigned on the refusal of this request.

[1, 2] Marriage, at common law, was a civil contract. In the absence of a statute forbidding marriage by contract, such a marriage is lawful, and will be recognized by the courts. Meister v. Moore, 96 U. S. 76, 79, 24 L. Ed. 826. The Idaho statute on the subject is section 4600, Idaho Compiled Statutes, which is as follows:

"Marriage must be solemnized, authenticated and recorded as provided in this chapter, but noncompliance with its provisions does not invalidate any lawful marriage."

[3] In Huff v. Huff, 20 Idaho, 450, 118 P. 1080, 1084, the Idaho court held that a marriage may be presumed from living together as man and wife. The record therefore presents the question of whether a man and wife can be jointly convicted of conspiracy, there being no other party charged with complicity in the crime.

In 12 C. J. 543, it is said: "It has been uniformly held that, as husband and wife are considered one in law, they cannot be guilty of a conspiracy." In 2 Bishop on Criminal Law (9th Ed.) § 187, the law is thus stated: "Husband and wife, being regarded in the law as one person, cannot without other combination commit this offense. But, where there is another conspirator, a wife may be joined with her husband in the indictment." The same rule is announced in a note in 4 A. L. R. 282.

The language of these text-writers is supported by the following decisions: People v. Miller, 82 Cal. 107, 22 P. 934; Merrill v. Marshall, 113 Ill. App. 447, 456; Worthy v. Birk, 224 Ill. App. 574, 583; Commonwealth v. Allen, 24 P. Co. Ct. R. 65, 66; State v. Clark, 9 Houst. (Del.) 536, 540, 33 A. 310. The law is held to be otherwise in Smith v. State, 48 Tex. Cr. R. 233, 89 S. W. 817, 820,

821, and Dalton v. People, 68 Colo. 44, 189 P. 37.

The common-law rule unquestionably supports defendants' contention; a rule so well established and so generally recognized by the modern authorities should not be judicially repealed. We think the requested instruction should have been given. The government relies on Wilson v. U. S., 232 U. S. 563, 34 S. Ct. 347, 58 L. Ed. 728. This was not a conspiracy case. The court affirmed the conviction of a man and wife charged with violation of the White Slave Act.

[4] Error is also assigned on the refusal of the court to charge that, if the jury found the defendants to be man and wife, a presumption would arise that any criminal acts of the defendant Celia Dawson in the presence of her husband were done at his coercion. Authorities are cited to the effect that this common-law presumption is still recognized. The defendants were convicted of the transportation of Beebe Lewis from Idaho to Nevada on the 19th and 26th days of April, 1924, for purposes of prostitution. The government's evidence tended to show that it was the purpose of the defendant Celia Dawson to establish a bawdyhouse at Twin Springs, Nev., and that the Lewis woman was taken there to engage in commercial vice. The evidence indicates that Celia Dawson was the moving spirit in the enterprise.

The presumption invoked by Celia Dawson does not arise under the facts of this case. In 30 C. J. 793, it is said: "It has been held that the presumption of coercion will not arise, where the crime was of a nature more likely to be committed by a woman than a man, such as keeping a house of prostitution or abducting girls for immoral purposes." It is well established that the presumption will not be indulged when the charge is the keeping of a house of ill fame. 4 Blackstone, 29; State v. Jones, 53 W. Va. 613, 45 S. E. 916, 917; People v. Wheeler, 142 Mich. 212, 105 N. W. 607; Haffner v. State, 176 Wis. 471, 187 N. W. 173, 175; State v. Gill, 150 Iowa, 210, 129 N. W. 821.

In State v. Nowell, 156 N. C. 648, 72 S. E. 590, 591, a married woman was charged with the abduction of a 14 year old girl. The presumption of coercion was invoked. The court said: "Among the crimes excepted from the rule are keeping bawdyhouses and offenses of a like character. This principle would cover, we are inclined to think, abducting girls by solicitation for immoral purposes, a business in which the defendant was more likely to be acting upon her own initiative, rather than under the coercion of her husband." We think the presumption inapplicable to the case of a procuress, and that there was no error in the refusal of the requested instructions.

[5] In the cross-examination of Celia Dawson, counsel for the government asked the following question: "A great part of your life, you had seen a great many sporting women, had you not?" This was objected to as improper cross-examination, and "an attempt to degrade her by matter that wasn't touched upon on direct." The objection was overruled, and the witness answered: "No, sir; I have not. I have not mingled with that class of people." We are not prepared to say that the question was improper, in view of the condition of the record at the time. In view of the answer of the witness, there was certainly no prejudicial error.

[6] It is contended that there was error in admitting evidence of the possession and sale of liquor by the defendants. Before the first objection had been made to this character of testimony, the government had proved by two witnesses that defendants, both at Twin Falls and Twin Springs, kept and sold liquor. Prejudicial error cannot be predicated on proof of facts already in evidence without objection. St. Louis & S. F. R. Co. v. Duke, 192 F. 306, 309, 112 C. C. A. 564; Western Coal Co. v. Greeson (C. C. A.) 284 F. 510, 512; Brice v. Miller, 35 S. C. 537, 547, 15 S. E. 272; Hickman v. Layne, 47 Neb. 177, 66 N. W. 298.

[7] The government did not admit that the defendants were married. In support of its contention that they were not, the government offered proof that on March 7, 1920, the defendant Celia Dawson had pleaded to an indictment in the federal court and had stated that her name was Jane Anderson. There was also received in evidence, on the same issue, the judgment roll in a prosecution of the defendant Celia Dawson in the district court for Bonneville county, Idaho. This record showed that she had been convicted under the name of Jane Anderson of the unlawful possession of liquor. The information was filed in January, 1919, which was subsequent to the date of the alleged marriage. The prosecution offered to introduce only so much of the second record as showed the arraignment and plea of the defendant under the name of Jane Anderson.

Counsel for defendants refused to consent to receive any part of the record in evidence, even with the reservation of his objection. The jury was instructed that these

records were received solely for the purpose of proving that Celia Dawson had answered to the name of Jane Anderson at these times, and they were particularly cautioned that she was not being tried on a charge involving the possession or sale of liquor. The marriage of the defendants was one of the controverted questions in the case, and it was competent for the government to prove that, subsequent to December 24, 1918, the defendant Celia Dawson had been known by a name which tended to show that she was not the wife of Paul Dawson. In view of the testimony as to sales of liquor, admitted without objection, the record of her conviction in Bonneville county could not have prejudiced Celia Dawson.

[8] Beebe Lewis was not called as a witness by the government. Testimony was offered to show that she could not be found. The defendants thereupon offered to show that the government had surrendered the cash bail furnished to secure the attendance of this witness. The court excluded the evidence. In this there was no error. The government owed no duty to the defendants to exact a bond to secure the attendance of this witness. The trial of collateral issues is apt to distract the attention of the jury from the questions to be determined. The trial court must be accorded a broad discretion on such matters.

[9] There was no error in denying defendants' motion to strike out the testimony of the witness Edholm. The testimony was confused and of little probative value, but it had some tendency to prove the presence of Paul Dawson in Twin Falls on the 18th of April, 1924, which was a fact in controversy.

[10] Defendants sought to impeach the credibility of the witness Daisy Maynard by cross-examining her with reference to a criminal charge preferred against her in the federal court and still untried. The court did not err in excluding this testimony. 5 Jones on Evidence, § 838.

[11] At the conclusion of the charge, defendants excepted "to each and every instruction of the court given on its motion." This general exception is the basis of the only remaining matters urged by the defendants. A general exception of this character directs the attention of the trial court to no error, and is insufficient under rule 10 of this court. Partridge v. Boston & Maine R. Co., 184 F. 211, 215, 107 C. C. A. 49; Simkin's Federal Practice, 106.

The judgment of conviction on the first count is reversed, for further proceedings not inconsistent herewith. The judgment on counts 3 and 6 is affirmed. The court having given a single sentence on the first, third, and sixth counts, the cause is remanded for a resentence of the defendants.