Narain v. Barr

BIA
A091 505 432

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of January, two thousand twenty.

PRESENT:
> DENNIS JACOBS,
> PETER W. HALL,[1]
> > *Circuit Judges.*

_____

GAMDUR NARAIN,
> *Petitioner,*

v.                                                          18-1336
                                                            NAC

WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:             Jaspreet Singh, Jackson Heights, NY.

FOR RESPONDENT:             Joseph H. Hunt, Assistant Attorney General; Papu Sandhu, Assistant Director; W. Daniel Shieh, Senior Litigation Counsel,

---

[1] Judge Christopher F. Droney, who was originally assigned to the panel, retired from the Court, effective January 1, 2020, prior to the resolution of this case.  The remaining two members of the panel, who are in agreement, have determined the matter.  *See* 28 U.S.C. § 46(d); 2d Cir. IOP E(b); *United States v. Desimone*, 140 F.3d 457, 458-59 (2d Cir. 1998).

Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Gamdur Narain, a native and citizen of India, seeks review of an April 6, 2018, decision of the BIA denying his motions to reopen. *In re Gamdur Narain,* No. A 091 505 432 (B.I.A. Apr. 6, 2018). We assume the parties' familiarity with the underlying facts and procedural history in this case.

"We review the denial of motions to reopen immigration proceedings for abuse of discretion, mindful that motions to reopen 'are disfavored.'" *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006) (quoting *INS v. Doherty*, 502 U.S. 314, 322-23 (1992)). An alien may file one motion to reopen no later than 90 days after the final administrative decision is rendered. 8 U.S.C. § 1229a(c)(7)(A), (C)(i); 8 C.F.R. § 1003.2(c)(2). Narain filed two motions to reopen in January and February 2018 and does not dispute that they were

2

untimely filed following the BIA's September 2017 decision affirming his removal order. The time limitation may be excused based on ineffective assistance of counsel. *Rashid v. Mukasey*, 533 F.3d 127, 130 (2d Cir. 2008). However, to prevail on an ineffective assistance claim, Narain had to "allege facts sufficient to show both 1) 'that competent counsel would have acted otherwise' and 2) 'that he was prejudiced by his counsel's performance.'" *Rabiu v. INS*, 41 F.3d 879, 882 (2d Cir. 1994) (quoting *Esposito v. INS*, 987 F.2d 108, 111 (2d Cir. 1993)). To show the requisite prejudice, he had to establish that the outcome of the proceeding would have been different had counsel acted otherwise. *Debeatham v. Holder*, 602 F.3d 481, 486 (2d Cir. 2010); *Esposito*, 987 F.2d at 111.

The BIA did not abuse its discretion in determining that Narain was not prejudiced by either the attorney who represented him before the immigration judge ("IJ") or by the attorney who represented him on appeal and filed his first untimely motion to reopen. The BIA reasonably determined that the testimony of Narain's children and a psychological evaluation diagnosing them with stress, anxiety, and

3

depression would not have resulted in a grant of cancellation. The BIA correctly noted that although Narain's daughter stated that she would remain in the United States if her father was moved, Narain had testified that his children would accompany him to India. Moreover, even if Narain's children remained in the United States and had financial hardship and difficulty completing college because their father was removed, this difficulty would not rise to the level of "exceptional and extremely unusual hardship." *See In re Andazola-Rivas*, 23 I. & N. Dec. 319, 320-21, 324 (2002) (holding that general emotional, academic, and financial hardship is common and not sufficient to meet the standard where the parent has some means of providing for children and where the children would not be deprived of all educational opportunities). Additionally, although the psychological evaluation reported that Narain's daughter was experiencing significant anxiety because her father was ordered removed, this evaluation did not show that Narain's daughter would experience emotional or psychological hardship, "'substantially' beyond the ordinary hardship that would be expected when a close family member leaves this country," as

4

it concluded that she could need additional counseling, but not that she was undergoing treatment. *In re Monreal-Aguinaga*, 23 I. & N. Dec. 56, 62 (BIA 2001); *see also In re Andazola*, 23 I. & N. Dec. at 322 (noting that exceptional and extremely unusual hardship is a "very high standard").

As to the harm that Narain's children would experience if they accompanied him to India, the IJ evaluated this harm in his decision. Accordingly, the BIA did not abuse its discretion in determining that Narain was not prejudiced by the failure to submit this evidence before the IJ. *See In re Monreal*, 23 I. & N. Dec. at 62; *In re Andazola*, 23 I. & N. Dec. at 322.

The BIA also did not abuse its discretion in determining that Narain was not prejudiced by his second attorney, who represented him on his appeal to the BIA and in his first motion to reopen because, as discussed above, Narain did not demonstrate that the result would be different if proceedings were reopened or remanded. *See Debeatham*, 602 F.3d at 486. Additionally, as noted by the BIA, Narain did not identify any errors in the IJ's decision that his second attorney failed to raise on appeal.

5

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court