### WYNKOOP v. UNITED STATES.

Circuit Court of Appeals, Ninth Circuit.
December 5, 1927.

No. 5201.

**1. Criminal law ⟺535(2)—Full proof of corpus delicti, independently of extrajudicial confessions, is not necessary.**

It is unnecessary to make full proof of corpus delicti, independently of extrajudicial confessions; any corroborating circumstances going to fortify truth of confession being sufficient.

**2. Criminal law ⟺741(5)—Corroborating evidence, in addition to extrajudicial confession of prohibition agent, charged with converting and embezzling liquor, held for jury.**

In prosecution against prohibition agent for having converted and embezzled certain liquors, of which he had legally come into possession in performing his duties, corroborating evidence, in addition to extrajudicial confession, *held* sufficient for jury.

In Error to the District Court of the United States for the Southern Division of the Southern District of California; Edward J. Henning, Judge.

John H. Wynkoop was convicted of converting to his own use and embezzling certain liquors coming into his possession in performance of duties as prohibition agent, and he brings error. Affirmed.

MacDonald & Thompson, of Los Angeles, Cal., for plaintiff in error.

Samuel W. McNabb, U. S. Atty., and Donald Armstrong, Asst. U. S. Atty., both of Los Angeles, Cal.

Before HUNT, RUDKIN, and DIETRICH, Circuit Judges.

DIETRICH, Circuit Judge. The plaintiff in error was convicted upon an indictment charging that he converted to his own use and embezzled certain intoxicating liquors, of which he had legally come into possession in the performance of his duties as a prohibition agent. The liquor was, by other government officers, found in a closet in his private apartment, and the only substantial question is whether the admissions made by him at or about that time, respecting his intent, or the conversion of liquor to his own use, were sufficiently corroborated to warrant a submission of the issue to the jury.

[1, 2] While the decided cases are not in complete harmony, the rule is well settled in this circuit that it is unnecessary to make full proof of the corpus delicti independently of extrajudicial confessions. United States v. Boese (D. C.) 46 F. 917; Mangum v. United States (C. C. A.) 289 F. 213; Pearlman v. United States (C. C. A.) 10 F.(2d) 460. In this last case the court said: "We find the general rule to be as stated by Judge Learned Hand, in the Circuit Court of Appeals in the Second Circuit, in Daeche v. United States, 250 F. 566, 571, 162 C. C. A. 582, 587: 'Any corroborating circumstances will serve which in the judge's opinion go to fortify the truth of the confession. Independently they need not establish the truth of the corpus delicti at all, neither beyond a reasonable doubt nor by a preponderance of proof.'" Under this rule we think the corroborating circumstances were ample.

In company with two other agents, defendant went to a barn in Long Beach, Cal., and there seized 132 bottles of Scotch whisky and 23 bottles of champagne. None of the champagne and only 78 bottles of the whisky were delivered to the authorized custodian. Upon going to defendant's apartment the following morning, other officers found in defendant's closet 18 bottles of the whisky, 11 bottles of the champagne, and 4 bottles of other liquors. The other 48 bottles of the Long Beach seizure are unaccounted for. Before visiting defendant's apartment, the other officers had found in the barn, where the seizure had been made the night before, sacks and wrappers which apparently had been removed from much of the seized liquor.

It was a reasonable inference that defendant and his two associates had divided up for their own use the 23 bottles of champagne and the missing whisky. There was evidence to the effect that, while acting as a prohibition agent, defendant drank liberally, and, further, that he had acquired an appetite for it, if he had not fallen into the habit of using it. And he admitted that it was in violation of the explicit instructions of his superior officer for agents to have liquor in their possession. His explanation of why he took such a quantity of liquor to his apartment is scarcely plausible; but, however that may be, the issue was clearly one for the jury.

Judgment affirmed.