### UNITED STATES v. SHADDIX et ux.
#### No. 3728.

District Court, S. D. Mississippi, E. D.
Feb. 26, 1942.

W. J. Vollor, Asst. U. S. Atty., of Vicksburg, Miss., for the United States.

Mize, Thompson & Mize, of Gulfport, Miss., and D. Benton Holmes, Jr., of Meridian, Miss., for defendants.

MIZE, District Judge.

The question presented in this case is whether or not a husband and wife can commit the crime of conspiracy to violate the National Bankruptcy Act, 11 U.S.C.A. § 1 et seq. It arises by virtue of a demurrer filed by the defendants, who are husband and wife, to an indictment in one count charging them with conspiracy to violate the National Bankruptcy Act. There is no third defendant named in the indictment, but it presents the sole question as to whether or not the crime of conspiracy can be committed solely by the husband and wife.

The question is one of first impression in this circuit, but it has been decided in the ninth circuit in the case of Dawson et al. v. United States, 9 Cir., 10 F.2d 106. That circuit follows the common law rule laid down concisely in 12 C. J. 543, wherein it is stated: "It has been uniformly held that as husband and wife are considered one in law, they cannot be guilty of conspiracy." 15 C.J.S., Conspiracy, § 37. Bishop on Criminal Law, 2nd Ed., Sec. 187, states the rule as follows: "Husband and wife being regarded in the law as one person, cannot without other combination commit this offense. But when there is another conspirator, a wife may be joined with her husband in the indictment."

As stated by the Dawson case, that language of the textwriter is followed by many courts. I find no authority to the contrary of the above holding. If other co-conspirators had been joined in the indictment, then, of course, the mere fact that the husband and wife appeared also would not make the indictment faulty, but when the only material allegations of the indictment with sufficient clarity show that a conspiracy is alleged to have been formed by the husband and wife and the overt acts committed by one or the other, then the indictment is insufficient. The indictment in this case shows that the alleged conspiracy is claimed to have been formed by and between the husband and wife.

The demurrer, therefore, will be sustained.