### GROS v. UNITED STATES.
#### No. 10176.

Circuit Court of Appeals, Ninth Circuit.
June 21, 1943.

On Rehearing Oct. 15, 1943.

MATHEWS, Circuit Judge, dissenting.

———

Irwin H. Roth and Morris Lavine, both of Los Angeles, Cal., for appellant.

Howard A. Calverley, John Marvin Dean, and Howard V. Calverly, Asst. U. S. Attys., all of Los Angeles, Cal., for appellee.

Before DENMAN, MATHEWS, and STEPHENS, Circuit Judges.

DENMAN, Circuit Judge.

This is an appeal from a judgment sentencing appellant to eighteen months in the penitentiary for conspiring with others to disclose unlawfully to the German Reich information affecting the National Defense in violation of the Act of June 15, 1917, c. 30, Title I, § 2, 40 Stats. 218, 50 U.S.C.A. § 32. The jury was waived and the case was tried by the district judge.

Appellant, Frances Gros, is the wife of Hans Helmut Gros, charged as a co-conspirator with her, whose conviction was reversed and a new trial ordered in Gros v. United States, 9 Cir., 136 F.2d 878, decided June 21, 1943.

The agents of the Federal Bureau of Investigation procured a confession from appellant admitting that she conspired with Dr. Gros with reference to his correspondence with Germany and that she realized she was engaging in espionage activities. A Bureau agent testified that she admitted to him that she took dictation of a letter from Dr. Gros containing information prohibited by the Act of June 15, 1917, and gave Dr. Gros a copy. A copy of the letter was introduced in evidence. Her counsel objected to the introduction

of the confession and the testimony of her admission on the ground that the corpus delicti had not been shown. The objection was overruled and further evidence introduced. On the conclusion of the evidence her counsel moved for dismissal on the ground of insufficiency of the evidence other than the confession to support the charge. The motion was denied and the court adjudged her guilty and sentenced her to eighteen months' imprisonment. This appeal followed.

We hold that on consideration of all the evidence the corpus delicti was established by other evidence and that it was not error to accept the confession and admission in evidence before it was established. Here the case was tried by the judge. We believe it better practice in jury tried cases to require the establishing of the corpus delicti before the introduction of a confession.

Dr. Gros was offered as a witness by Frances Gros, as well as testifying on his own behalf. She thereby waived any privilege arising out of their marital relation, Funk v. United States, 290 U.S. 371, 380, 54 S.Ct. 212, 78 L.Ed. 369, 93 A.L.R. 1136, and any objection that he was an accomplice or a co-conspirator whose testimony required other corroboration. Cf. Ahearn v. United States, 9 Cir., 3 F. 2d 808; Caminetti v. United States, 242 U.S. 470, 495, 37 S.Ct. 192, 61 L.Ed. 442, L.R.A.1917F, 502 Ann.Cas.1917B, 1168.

Dr. Gros testified that he wrote letters to reach an uncle, a Lieutenant Colonel in the German Army, who aided him in securing the necessary documents to enable Dr. Gros to come to the United States, gave him various addresses of other persons for the letters Dr. Gros was to write him, and from time to time sent him funds; that "he may have given his uncle the impression he was doing something for the German Government here;" that "he wrote these letters because he had to write something to his uncle; that he wanted his uncle to keep the idea that he was doing something because he wanted his uncle to continue forwarding him his money; that he wanted to get as much of his money out as possible;" and that "he received letters from his uncle but they were not asking about information. He was getting his money from Germany right along and in all his letters to his uncle he was asking for money because his uncle

didn't send as much money as he had promised to."

In Frances Gros' diary, offered in evidence, is an entry of February, 1940, in her handwriting, "Helmut asked me to work for the German Secret Service, (I didn't accept)." There was confirmation of her knowledge of Dr. Gros' activities in her statement to a deputy sheriff, a Government witness, in May or June, 1940, of Dr. Gros' suspicious correspondence with Germany which she thought the Government should investigate. Evidence of her statement showing knowledge pertinent to the issue of guilt may be considered, because the statement was for a purpose of her own other than an admission.

In her diary these were preceding and succeeding entries showing Dr. Gros' ardent courtship and an intimacy which brought her constantly in Dr. Gros' apartment, where witnesses testified they saw her. Dr. Gros' landlady stated, "Frances Gros first obtained permission to enter his rooms in his absence because she had some writing to do for him," also to be considered, since not in the nature of an admission. She was seen in his room at a typewriter. On October 8, 1940, they were married.

Fifteen months later, on January 21, 1942, when their rooms were searched, many newspaper clippings were found there containing information of value to the German Government. Mrs. Gros had been seen frequently burning papers late at night, corroborating her confession that she destroyed copies of letters, dictated by Dr. Gros. Among the documents found was a copy of a letter, in her handwriting, addressed to "Dear Uncle" and signed "Johnny," which name Dr. Gros testified is the English translation of Hans, his given name.

This copy of the letter contained information of value to Germany relative to the increased armament and plane manufacture and its effect on prices of food and other civilian needs; the supply of silk, wool and aluminum; the low output in planes due to the lack of organization; the calling of the men for army training and the likelihood that America soon would be in the war.

The letter was not dated, but it was written after Dr. Gros returned to California—which he left for a trip to Mexico in January 1941, that is, after his marriage to

Mrs. Gros. Particularly identifying the letter as his dictation to his wife is its sentence, "The first sign has been the silk stocking shortage." Dr. Gros testified that he "probably mentioned in a letter that there was a shortage of silk stockings."

We believe the confession and admissions sufficiently proved in the above evidence, and that Mrs. Gros' claim that the corpus delicti has not been established dehors the confession is not well taken.

In this view of the case we need not consider the earlier decisions in this circuit holding that it is necessary to establish the corpus delicti only by substantial corroboration, though not by a preponderance of the evidence,[1] or our later dictum in Pon Wing Quong v. United States, 111 F.2d 751, 756, that "the confession cannot be admitted [considered] until the corpus delicti has been established," and the decision in Forte v. United States, 68 App.D.C. 111, 94 F.2d 236, 127 A.L.R. 1120, holding that each factor in the charged crime must be established before the confession may be considered.

The judgment is affirmed.

### On Rehearing.

The judgment of affirmance herein filed June 21, 1943, was set aside by our order of August 3, 1943, with instructions to the appellee to brief "a summary of the evidence (1) other than appellant's confession and admissions, which it contends establishes the conspiracy charged between appellant and Dr. Helmut Gros existing prior to their marriage on October 8, 1940, and (2) what portions of appellant's confession and admissions warrant the inference that a conspiracy existed between her and Dr. Gros prior to that date," with leave to the appellant to reply. These have been received and we have reviewed again the evidence.

It now appears that the statements of Mrs. Gros' confession and the testimony relevant to her participancy in the charged conspiracy with Dr. Gros, set forth in our opinion reported supra, were of a date subsequent to her marriage to him. They do not show the existence of the conspiracy prior to the marriage. We have held that a husband and wife are incapable of engaging in a criminal conspiracy. Dawson v. United States, 9 Cir., 10 F.2d 106, 107.

The acquittal of a third party charged with participancy in the conspiracy leaves but these two, whose incapacity is not removed by a disproved charge against the third party. Worthington v. United States, 7 Cir., 64 F.2d 936, 939; Turinetti v. United States, 8 Cir., 2 F.2d 15, 17. Cf. People v. MacMullen, 134 Cal.App. 81, 24 P.2d 794.

The judgment is reversed.

MATHEWS, Circuit Judge, dissents.

[1] Mangum v. United States, 9 Cir., 289 F. 213, 216; Pearlman v. United States, 9 Cir., 10 F.2d 460, 462; Wynkoop v. United States, 9 Cir., 22 F.2d 799; Wiggins v. United States, 9 Cir., 64 F.2d 950, 952.