**JOHNSON v. UNITED STATES.**

Nos. 9182, 9183.

United States Court of Appeals
District of Columbia.

Submitted June 6, 1946.

Decided Aug. 26, 1946.

Mr. James J. Laughlin, of Washington, D. C., for appellant.

Messrs. Edward M. Curran, United States Attorney, and John P. Burke, Sidney S. Sachs and Arthur J. McLaughlin, Assistant United States Attorneys, all of Washington, D. C., for appellee.

Before EDGERTON, WILBUR K. MILLER, and PRETTYMAN, Associate Justices.

EDGERTON, Associate Justice.

Appellant was convicted of forgery, under D.C.Code 1940, § 22—1401, and also of conspiracy under 18 U.S.C.A. § 88. His co-conspirator was his wife, who was convicted but is not a party to this appeal.

██ Appellant urges that it is legally impossible for a husband and wife to conspire with each other. The old common-law rule to that effect has been followed in Dawson v. United States, 9 Cir., 10 F.2d 106, 107, Gros v. United States, 9 Cir., 138 F.2d 261 (one judge dissenting), United States v. Shaddix, D.C., S.D.Miss., 43 F. Supp. 330, and a number of State cases. There are some State cases to the contrary. Dalton v. People, 68 Colo. 44, 189 P. 37; Marks v. State, 144 Tex.Cr.R. 509, 164 S.W.2d 690. The old rule was based on the common-law fiction that husband and wife were one person. Acts of Congress have established the separation of husband and wife as to property, contracts, and torts in the District of Columbia. We agree with the District Court of the United States for the District of Columbia, which ruled upon the question in denying the motion of the present appellant's wife for a new trial, that this legislation has made the fiction obsolete. No reason remains why the law should not recognize the obvious fact that the relation of husband and wife does not prevent two persons from conspiring to commit an offense. The interest of society in repressing crime requires that the fact be recognized, and our common-law system does not require that its recognition await express legislative action.

██ Appellant was not represented in the trial court by his present counsel. On this appeal, his counsel urges as one ground for reversal that the court erred in failing to instruct the jury on the subject of accomplice testimony, despite the fact that no such instruction was requested. Counsel's brief says: "It is true that the attorneys for the appellant failed to make such request. We believe, however, that the ruling of this Court in the case of Borum v. United States, 61 App.D.C. 4, 56 F.2d 301, places the duty on the part of the trial judge to so instruct the jury, even though counsel may have failed to do so. In the Borum case we find this: 'We think it proper to remark in passing that the Court should of its own motion have cautioned the jury to

weigh it carefully and not to give it too much reliance.'" Counsel quotes only the first part of a sentence which appears in our opinion in the Borum case. In that opinion we put a comma where counsel puts a period, and this language follows: "but the failure of the court in this respect, in view of the decision of the Supreme Court in the Caminetti case (Caminetti v. United States, 242 U.S. 470, 37 S. Ct. 192, 61 L.Ed. 442, L.R.A.1917F, 502, Ann.Cas.1917B, 1168), will not permit us to reverse on this ground." 61 App.D.C. 4, 8, 56 F.2d 301, 305. Counsel not only omits this language but ignores its effect, which is to change the apparent meaning of his quotation and refute his argument.

Affirmed.