**Ex parte William ESTEP and Dora Estep.**

**Civ. A. No. 5945.**

United States District Court,
N. D. Texas, Dallas Division.

April 8, 1955.

Henry Wade, Dist. Atty., Dallas, Tex., Julien C. Hyer and John Webster, Asst. Dist. Attys., Dallas, Tex., for respondents.

Lester L. May and Howard Dailey, Dallas, Tex., for relators.

ATWELL, District Judge.

The relators are husband and wife, and extradition has been sought by the governor of the state of Illinois, through the governor of the state of Texas, such application having been made in the regular constitutional manner.

One of the applicants is in the hands of the United States Marshal for this district for an alleged federal offense, for which he has been convicted and the conviction is on appeal to the Fifth Circuit Court of Appeals. The other is in the hands of the Sheriff of Dallas County for an alleged state offense, each of whom has been charged separately and jointly in different venues of the state of Texas.

I find the facts to be as stipulated by the attorneys in open court, and, summarily, they are, that the alleged illegal transactions took place first in Illinois, and then after their flight from Illinois, where each of them was convicted, and from those convictions each of the applicants sought relief from the courts of the state of Illinois, and having been refused there, to the Supreme Court of the United States, all of which courts refused relief.

After their flight into Texas they were arrested for various offenses and have appealed from convictions in the trial court and have gone to the court of the last resort, with the exception of appeal to the United States Supreme Court. These Texas convictions have been in both the state court and the federal court, as above indicated.

They seek release alleging illegal restraint. Such alleged illegality is based

on the proposition that the husband and wife cannot be convicted for conspiring together, and in support of such contention the common law is cited, and some respectable decisions in this country of later years.

The convictions in the state of Illinois were for having conspired with others, which others were ultimately and finally dismissed from the case, or, rather, from the indictment, and the husband and wife were convicted. The Texas convictions in both state and federal court were also for conspiring together.

I am not at all convinced that the failure to prosecute the third party, or, parties, with whom the husband and wife are alleged to have conspired, means that those who were dismissed were not also guilty, but, the evidence and the proof seems to be insufficient to prove such guilt. The prosecuting officers could have dismissed under situations of that sort and still have left the husband and wife in the case as conspirators.

Furthermore, using the common law as the basis for reasoning, is like building a house upon the sands instead of upon the rock. The wife is no longer hidden in the personality of the husband in America. She has her separate property; she has a part in the community property; she has the right to vote; in many states she is compelled to serve as a juror; she is a legislator in state and nation; she is a practitioner of law; doctor, judge, preacher, merchant, and, in many instances, in the Armed Forces. There is every evidence of complete emancipation for the wife in America. The judge would be bold indeed who would hold, in the face of such evident and fair emancipation, that there can be no unlawful agreeing among themselves.

There are interesting decisions which may be considered by the student, and which have been cited in argument. They are: Brown v. State of Mississippi, 297 U.S. 278, 56 S.Ct. 461, 80 L.Ed. 682; Dawson v. United States, 9 Cir., 10 F.2d 106; Gros v. United States, 9 Cir., 138 F.2d 261; People v. Estep, 346 Ill.App. 132, 104 N.E.2d 562 (which is an opinion as to these two applicants and is quite appropriate here); People v. Marton, 4 Ill.2d 105, 122 N.E.2d 245. It will be noted that neither of these cases deals with the complete emancipation of the wife, as suggested by myself.

I think it will be a long reach for this court, under the stipulations which have been made, to order these applicants released. I, therefore, deny the writs of habeas corpus.