**William ESTEP and Dora Estep, Appellants,**

**v.**

**J. E. (Bill) DECKER, Sheriff of Dallas County, Texas, Appellee.**

**No. 15602.**

United States Court of Appeals
Fifth Circuit.

Dec. 21, 1955.

Rehearing Denied Jan. 14, 1956.

Writ of Certiorari Denied
March 26, 1956.

See 76 S.Ct. 547.

Howard Dailey, Dallas, Tex., for appellants.

J. J. Fagan, Asst. Dist. Atty., Dallas, Tex., for appellee.

Before HUTCHESON, Chief Judge, and HOLMES and RIVES, Circuit Judges.

RIVES, Circuit Judge.

Appellants, husband and wife, were alone convicted in an Illinois state court, under that State's Criminal Conspiracy Act, Ill.Rev.Stat.1955, c. 38, § 138 et seq., for conspiring to violate certain provisions of the Illinois Medical Practice Act, Ill.Rev.Stat.1955, c. 91, § 1 et seq., and both were fined and received penitentiary sentences. Their convictions were affirmed by an Illinois appellate court in People v. Estep, 346 Ill.App. 132, 104 N. E.2d 562. They subsequently exhausted their state remedies by petitions for review of that decision in the Supreme Court of Illinois and the Supreme Court of the United States, but the former tribunal dismissed their writ of error and the Supreme Court denied certiorari. See 413 Ill. 437, 109 N.E.2d 762; 345 U.

S. 970, 73 S.Ct. 1112, 97 L.Ed. 1387; 346 U.S. 842, 74 S.Ct. 15, 98 L.Ed. 362.

Appellants having left the jurisdiction of Illinois for Texas while their case was pending on appeal before the Supreme Court, the Governor of Illinois requested their extradition and return for service of sentences, but appellants contested the validity of their Illinois convictions and resulting extradition via habeas corpus proceedings in the Texas courts and the district court below. See Ex Parte Estep, Tex.Cr.App., 276 S.W.2d 284; Id., D.C., 129 F.Supp. 557.[1] In the instant proceeding, they sought release from their restraint by appellee, who is detaining them for further transfer to Illinois under warrants for their extradition. The district court refused to grant a writ, but issued a certificate of probable cause to authorize their present appeal.

In substance, appellants' insistence in brief and oral argument is that, Illinois having by statute expressly adopted the common law, and absent any legislative repeal or qualification of that adoption here material, the courts of that State were, in effect, bound by "due process" to adhere to the rule of those decisions based upon the old common law unity of husband and wife, and holding them legally incapable of conspiring together or suffering a valid conviction therefor.[2] They further insist that their Illinois convictions did not afford them due process simply because other parties were charged jointly with them in the indict-ment, especially since these other indictees were admittedly acquitted before the case was submitted to the jury, and they were the sole parties to the alleged conspiracy convicted.[3] Reasoning thus, they urge finally that their Illinois convictions are invalid as lacking in due process under the Fourteenth Amendment, and therefore are not binding upon this Court.

Appellee takes the position that, since the Illinois indictment upon which appellants' convictions are based charged them with conspiring with certain named persons "and with divers other persons whose names are unknown to the grand jurors", the rule of those authorities upon which appellants here rely is neither applicable nor controlling in their favor, as indeed the Illinois decision affirming their convictions expressly recognizes. See People v. Estep, supra. Alternatively, appellee insists that the wife's complete emancipation in this more enlightened era logically compels rejection of the old common law fiction of unity of the husband and wife, as recognized in Texas and elsewhere. See Marks v. State, 144 Tex.Cr.R. 509, 164 S.W.2d 690; Johnson v. United States, 81 U.S. App.D.C. 254, 157 F.2d 209.

We think it inappropriate upon this review for us independently to re-examine the contentions urged, for irrespective of anything we might be disposed to add in support of the present trend toward judicial recognition of the wife's legal emancipation from the husband,[4]

---

1. It was further stipulated below that William Estep was also convicted of a felony in the Federal District Court for the Northern District of Texas, Abilene Division, on April 16, 1954, for which he received a five year penitentiary sentence and a $2,000.00 fine, though his appeal from that conviction to this Court is still pending. At the time of hearing, William Estep had also posted bond on a Tarrant County, Texas charge for violating that State's Medical Practices Act, and both he and his wife had been granted bail on a similar charge made against them in Dallas County, Texas, for practicing medicine without a license.

2. See Dawson v. United States, 9 Cir.,

10 F.2d 106; Gros v. United States, 9 Cir., 138 F.2d 261; United States v. Shaddix, D.C.S.D.Miss., 43 F.Supp. 330; Cf. Ansley v. United States, 5 Cir., 135 F.2d 207, 208.

3. Relying principally upon Gros v. United States, supra note 2, wherein the Ninth Circuit stated that "The acquittal of a third party charged with participancy in the conspiracy leaves but these two, whose incapacity is not removed by a disproved charge against the third party", citing authorities. 138 F.2d at page 263.

4. As typified by this Circuit's recent expressions in Thompson v. United States, 227 F.2d 671.

**322**

we think decision here must turn upon
the broad proposition that the Illinois
affirmance of appellants' convictions in
People v. Estep, supra, is not so lacking
in due process as would justify any hold-
ing upon this collateral attack that it was
in violation of the Fourteenth Amend-
ment, or failure to accord that decision
binding force and effect. See West v.
Louisiana, 194 U.S. 258, 262–263, 24 S.
Ct. 650, 48 L.Ed. 965; Paterno v. Lyons,
334 U.S. 314, 318–319, 68 S.Ct. 1044, 92
L.Ed. 1409; Stein v. New York, 346 U.
S. 156, 196–197, 73 S.Ct. 1077, 97 L.Ed.
1522.

Affirmed.