44 N.J. Super. 274 (1957)
129 A.2d 910
STATE OF NEW JERSEY, PLAINTIFF,
v.
FRED O. STRUCK AND MIRIAM STRUCK, DEFENDANTS.
Superior Court of New Jersey, Essex County Court, Law Division.
Decided February 19, 1957.
*276 Mr. Maurice J. McKeown argued the cause for the plaintiff (Mr. Charles V. Webb, Jr., attorney).
Mr. Abe Silverstein argued the cause for the defendants (attorney for Miriam Struck).
Mr. Milton A. Waldor, appeared for Fred O. Struck.
WAUGH, J.S.C.
The defendants Fred O. Struck and Miriam Struck, husband and wife, were tried by jury before me during the month of December 1956 a verdict being returned on December 19, 1956, on a nine-count indictment. The court entered a judgment of dismissal as to the ninth count during trial.
The first count of the indictment, No. 16-56, term of 1956, charged a conspiracy under N.J.S. 2A:98-1 to obtain money by false pretenses, and the other eight counts charged a violation of N.J.S. 2A:111-1, that is, obtaining money under false pretenses.
At the end of the State's case a motion was made on behalf of both defendants to dismiss the first count of the indictment on the ground that in New Jersey a husband and wife cannot be guilty of conspiracy. At that time I ruled that since a statutory conspiracy was alleged and since the statute provides that "Any 2 or more persons who conspire * * *," a husband and wife could be guilty of conspiracy. Cf. State v. Carbone, 10 N.J. 329, 336 (1952), where common law conspiracy is defined to exclude spouses.
Following the return of a "guilty" verdict by the jury both defendants moved for a new trial, urging that the ruling as to the legal question involved in the first count be reconsidered, and further urging that as to the remaining counts the verdict be set aside as being against the weight of the evidence. At the time of the argument of this motion, I again expressed the opinion that the statute was clear and that the term "Any two * * * persons * * *," included husband and wife.
A further consideration of the statutory history, however, leads me to the conclusion that I was in error. *277 The first statute dealing with the crime of conspiracy was enacted by the New Jersey Legislature on February 17, 1829 as section 53 of "An act for the Punishment of Crimes." See State v. Norton, 23 N.J.L. 33 (Sup. Ct. 1850). The important section of this act, insofar as it applies to the case sub judice, is found in the opening words which are as follows: "That all such as combine, unite, confederate, conspire * * *," (Emphasis supplied) In 1847 the Legislature, in a revision of the criminal laws of New Jersey, again enacted a law dealing with conspiracy. The pertinent words used at that time were: "That if two or more persons shall combine, unite, confederate, conspire * * *," (Emphasis supplied) Revised Statutes of 1847, Title 8, c. 1, Section 61. The exact language which is found in our present statute first appeared in an enactment of 1898, as follows: "Any two or more persons * * *," L. 1898, c. 235, sec. 37 (Revision of 1898) (Emphasis supplied) In 1899 this last cited statute was amended, the words with which we are here concerned remaining the same. Identical phraseology was enacted into the Compiled Statutes, page 1757, section 37, and these same words were subsequently used in the Revised Statutes of 1937 (R.S. 2:119-1). In 1952 the Legislature again dealt with the crime of conspiracy; Title 2 of the Revised Statutes of 1937 was completely overhauled and emerged as N.J.S. 2A, which encompasses the entire subject of the administration of civil and criminal justice. Again the Legislature did not depart from the language which has consistently been used since 1898. N.J.S. 2A:98-1, supra.
It is apparent that we must look to the intent of the Legislature to determine whether husband and wife are to be included within the phrase "Any two or more persons * * *." This is true notwithstanding the use of the broadest possible phraseology, since it becomes obvious that to do otherwise would be to lightly cast aside one of the most longstanding common law rules, that of unity of husband and wife. It is axiomatic that such deep-rooted philosophies are not to be altered unless in the most explicit *278 terms. To determine the intent of the Legislature in this regard, we must look to the intent which was existent at the time of the enactment of this statute. The general rule is "* * * legislative intent should be determined as of the time the legislation goes into effect." 2 Sutherland Statutory Construction (3 ed., Horack), § 5101. Exceptions to this rule allow a broader meaning to be given to legislative enactments where circumstances were nonexistent at the time that the statute was passed. Ibid. Here, however, the Legislature certainly was aware of the long-standing common law doctrine of unity of husband and wife. This was a circumstance existent at the time of the original enactment and, therefore, the legislative intent at the time of enactment will be controlling. There can be no doubt that the Legislature, in passing this act in 1898 and using the term "Any two or more persons * * *," did not intend to include husband and wife in this apparently all-inclusive language. In 1932 the Court of Errors and Appeals, in a per curiam affirmance of a Supreme Court decision, held that a husband was liable for his wife's torts "because of the oneness of the twain in the eyes of the law" (Mowell v. Von Moschzisker, 109 N.J.L. 241, at page 242), that cause of action arose prior to the corrective legislation of 1929 whereby the Legislature abolished the theory of oneness insofar as it applied to the responsibility of the husband for the torts of his wife, L. 1929, c. 120. In the year 1934 the Legislature merely abolished the presumption that a wife was acting under the influence of her husband when she committed a crime within his presence (R.S. 2:103-3, now N.J.S. 2A:85-3). In enacting these laws, the Legislature dealt only with specific areas affected by the common law rule of unity of husband and wife. No general statute has been enacted abolishing the doctrine for all purposes. Among recent significant cases dealing with this subject is Bendler v. Bendler, 3 N.J. 161 (1949), where the majority of our Supreme Court held, in a 5-2 decision, that the common law doctrine still exists in New Jersey for the purpose of barring a wife from contracting with her husband to *279 create an employer-employee relationship for the purposes of the Workmen's Compensation Act. So it is seen that after the Legislature has eradicated the common law doctrine in many areas, vide Justice Ackerson's dissenting opinion in Bendler, supra, 3 N.J., at page 174 et seq. where the piece-meal legislative removal of married women's common law disabilities is traced, the fiction of unity of spouses still is a very real part of our law in this State. To the same effect is Kennedy v. Camp, 14 N.J. 390 (1954), where contribution under the statute dealing with joint tortfeasors' liability was denied in a suit between the judgment debtor in a prior negligence action and his joint wrongdoer  the husband of the successful plaintiff in the former suit. The contribution was denied on the basis that the wife could not sue her husband for tortious conduct, and that the lack of a remedy on the wife's part established that there was no common liability between her husband and the plaintiff-judgment debtor. Justice Heher said, inter alia: "The unity of interest of the spouses has not been altered in this regard [i.e., liability for tort] by the New Jersey Married Persons Act." It is, therefore, apparent that the courts of this State continue to construe strictly the invasions of the common law doctrine of unity of spouses and that any further inroads must be clearly defined.
On the basis of the foregoing I come to the conclusion that the Legislature in 1898 meant to exclude husband and wife from the purview of the conspiracy statute. I reach this result by finding fatal to the State's position here the failure of the Legislature to specifically include them in precise terms. This construction must be made because of the long-standing rule that statutes in derogation of the common law must be strictly construed. This maxim, coupled with the doctrine of strict construction of penal statutes, leads me to the inevitable conclusion that the Legislature must, if it desires to discard the fiction of unity of spouses, use clear and uncertain language to that end. I feel that the only way to include husband and wife within the orbit of this criminal act, where the indictment charges them as *280 the only co-conspirators, is to have the words "including husband and wife" follow the phrase "Any two or more persons." Manifestly, this is not a judicial function but is a task for the State Legislature, whose exclusive right is to determine the present-day value of common law precepts and within whose exclusive authority rests the power to make such changes. Accordingly, the motion made by defendants at the close of the State's case, and renewed subsequent to the jury verdict in accordance with R.R. 3:7-12 in the form of a motion to arrest judgment as to the first count of the indictment is hereby granted.
In charging the jury on the remaining counts, I charged them, in effect, that they must find that the State proved beyond a reasonable doubt that Mrs. Struck participated in the false pretenses, and that in the absence of the finding of guilt on the first count, there was little evidence that she was acting as more than a courier between her husband and Mrs. Cowen.
Having concluded above that Mrs. Struck could not legally be found guilty on the first count, I now also conclude, after an examination of all the testimony, that her conviction on the remaining counts is against the weight of the evidence, and therefore her conviction on the remaining counts is also set aside.
As to Fred Struck, I come to the conclusion that the evidence amply warrants his conviction on the remaining counts, and, as to him, the motion is denied.