**Fred C. HIPP, Plaintiff,**

v.

**Patty Y. HIPP, Defendant.**

**Civ. A. No. 2314–58.**

United States District Court
District of Columbia.
June 30, 1960.

William C. Darden, Washington, D. C., for plaintiff.

Stanley M. Kaiser, Washington, D. C., for defendant.

WALSH, District Judge.

This matter comes before the Court on plaintiff's complaint to adjudicate property rights or to partition real estate.

The property in question was purchased on or about December 28, 1954 for the price of $15,500. The land records of the District of Columbia describe the property as Lot 22, in Square 3326, improved by premises 217 Gallatin Street, N. W., Washington, D. C. The records in the Recorder of Deeds Office for the District of Columbia indicate that title to the property in question is vested in the plaintiff and defendant as tenants by the entirety. At the time of the filing of the complaint in September, 1958, the property was encumbered by a first trust of $9,239.25, payable to the Columbia Federal Savings and Loan Association, and a $2,412.04 second trust payable to the National Bank of Washington.

Defendant here, Patty Y. Hipp, (as plaintiff) was awarded a limited divorce from the plaintiff, Fred C. Hipp, (as defendant) by Judge Myers of the Domestic Relations Branch of the Municipal Court for the District of Columbia, in case No. D 560–56, on March 25, 1957. The court ordered the plaintiff here to pay to the defendant here the sum of $200 monthly as alimony, and ordered, with respect to the property holdings held by the parties thereto as tenants by the entirety, that the interest of Patty Y. Hipp be transferred to Fred C. Hipp.[1] In an amending order of March 27, 1957, the Court on its own motion amended its judgment by deleting the reference to the adjudication of the property rights of the parties on the grounds "that the Domestic Relations Branch has no jurisdiction to exercise 'general equity powers' under the stat-

---

1. Judge Myers' findings of fact in No. D 560–56, read in part as follows:

"* * * a fair and reasonable monthly allowance for the plaintiff [Patty Y. Hipp] under the circumstances should be $200.00 * * *."

"The Court finds that the property in question, although titled in the name of plaintiff and defendant by the entireties, was actually purchased by funds of the husband at a cost of $15,500, of which a down payment of $1,500 was made, and on which monthly payments on the trusts on said property have left balances of $9,900 on the first trust and $2,700 on the second trust, and a probable equity in the property remaining of $2,900.

"The Court does not find that the plaintiff wife is entitled to participate in the real estate holdings, and insofar as the articles are concerned, the Court does find she is entitled to have back the furniture, personal belongings and personal articles of clothing that were in the property in November, 1956 * * *." (pp. 90, 91, Transcript of March 5, 1957)

The Judge's conclusions of law read in part as follows:

"That the title to the improved real property at 217 Gallatin Street, Northwest in the District of Columbia, now held as a tenancy by the entireties, shall be transferred to the defendant, Fred C. Hipp, and the Court directs that all necessary papers to bring about that legal transfer be signed and executed by the parties to these proceedings." (p. 92 of Transcript of March 5, 1957).

utes" except in cases of absolute divorce or annulment. D.C.Code, Title 16–409.[2]

The evidence with respect to the defendant's contribution towards purchase of the property here in question is conflicting. The defendant asks that the property be divided fifty-fifty, and that she be awarded the sum of $200 which she paid toward the down payment for the property. She also contends that there was a commingling of funds of both the husband and wife during the marriage and that while she purchased an automobile and furniture out of her funds this permitted the husband to use his funds in the purchase of the house.[3] Plaintiff meanwhile contends that the defendant made no contribution toward the down payment and cites pages 71 and 72 of the Transcript in No. D 560–56 in the Municipal Court to support the contention.

The defendant also asks that she be reimbursed a reasonable sum for the value of furnishings she supplied and a sum equal to fifty per cent of the reasonable profits inuring to the plaintiff over the past three years.

■ As noted in the case of Richardson v. Richardson, 1940, 72 App.D.C. 67, 112 F.2d 19, courts are accorded a broad measure of discretion in equity actions where the evidence is conflicting with respect to contribution, etc., in cases involving property rights among divorced parties.

■ The rule in this jurisdiction is now well settled that property conveyed to spouses by the entireties can be ordered partitioned or sold or disputes can otherwise be adjudicated by this court in cases where a limited divorce decree is in existence. Tendrich v. Tendrich, 1951, 90 U.S.App.D.C. 61, 193 F.2d 368; Reilly v. Reilly, 1950, 86 U.S.App.D.C. 345, 182 F.2d 108. It would seem, therefore, if un-

der a limited divorce, property held by the entireties can be partitioned, *a fortiorari* it can be awarded in part, or in its totality, to one tenant depending upon the facts, evidence, etc., in the case. See Hogan v. Hogan, 1957, 102 U.S.App. D.C. 87, 250 F.2d 412. There is also little doubt that the District Court has this power of partition or award even though the divorce was granted by the Municipal Court.

The defendant here relies on Oxley v. Oxley, 1946, 81 U.S.App.D.C. 346, 159 F.2d 10, to the effect that even if she contributed no funds for the purchase of the property here in dispute, the consideration or condition underlying the conveyance is the faithful performance of the marriage vows. See also the earlier Richardson case, supra, with respect to this doctrine.

Plaintiff, on the other hand, relies on the case of Holcomb v. Holcomb, 1954, 93 U.S.App.D.C. 242, 209 F.2d 794, 798 (although a tenancy in common was there involved), wherein the court refused to enforce a settlement agreement in an action brought by the wife despite the fact that she had been granted an absolute divorce. The court in the course of its opinion stated as follows:

"It follows that a wife's suit to assert a right in her husband's property is distinct from and unrelated to her suit for divorce. Nevertheless two such actions may be joined, under Rule 18(a), [FRCP, 28 U.S. C.A.] * * *.

"* * * in the first suit * * * [there was] * * * properly joined an action for limited divorce with an action for an adjudication of property rights, but that the latter did not depend upon the former; that the denial of a limited divorce did not deprive the court of jurisdiction to enforce the settlement con-

2. Congress subsequently, on Sepember 9, 1959, amended Title 11–762, D.C.Code, by extending the jurisdiction of the Domestic Relations Branch of the Municipal Court to cover the adjudication of property rights in actions involving lim-

ited divorce. See Harris v. Harris, 1959, 106 U.S.App.D.C. 282, 272 F.2d 511.

3. However, the defendant here retained the automobile and was awarded most of the furniture in the divorce action.

tract; and that consequently the dismissal of the suit insofar as it sought a property adjustment was a decision on the merits, under Rule 41(b).

" * * * [her] claim to specific performance of the contract was foreclosed by the dismissal of her first suit, * * *."

The court in the Holcomb case therefore upheld the dismissal of an earlier suit as to the wife as a decision on the merits, and remanded the cause with directions to appoint a trustee to convey the real estate to the husband, while upholding the absolute divorce. Relating this case to the Holcomb case, it is noted that the action for divorce and the action for an adjudication of property were joined in the action earlier, but became separated by virtue of the amendment of the court's (Domestic Relations Branch of the Municipal Court) order on the basis of jurisdiction. See Reilly v. Reilly, supra.

▮ It should be noted here that this Court may take judicial notice of the findings, judgment, and papers on file in case No. D 560-57, heard by Judge Myers in the Domestic Relations Branch of the Municipal Court for the District of Columbia. For, as noted by the court in the case of Fletcher v. Evening Star Newspaper Co., 1942, 77 U.S.App.D.C. 99, 133 F.2d 395, certiorari denied 319 U.S. 755, 63 S.Ct. 1163, 87 L.Ed. 1708, rehearing denied 319 U.S. 785, 63 S.Ct. 1432, 87 L.Ed. 1728, "it is settled law that the court may take judicial notice of other cases including the same subject matter or questions of a related nature between the same parties. [citations]". This rule of law is especially pertinent here for the Court, it is considered, should be apprised of all the facts in this case as well as the facts in the divorce case in the Municipal Court.

▮▮ The Court also takes notice of the fact that in this jurisdiction an amended complaint of a wife seeking a determination of property rights can be taken as consent that her tenancy be broken in the case of a divorce. Hogan v. Hogan, supra. Therefore, it would seem that the defendant here has consented to the breaking-up of the tenancy by asking for partition in her answer.

▮ In this case, granting the fact that the wife was not found to have broken her marriage vows in any way, even if this Court should find, as it does, that she did not contribute funds to the purchase of the property here involved, there is sufficient consideration in the faithful performance of the marriage vows to permit the wife to *claim* partition of the property. However, recognizing the latter doctrine, whether that claim is sustainable on its merits must then be gone into by the court; and it is considered that the Court here, in its discretion, may award or partition the property consonant with its findings and the inferences it may draw from the evidence and the law as it is viewed to be in this jurisdiction. Holcomb v. Holcomb, supra; Reilly v. Reilly, supra.

The Court has reviewed the facts here in great detail and has reviewed all the court files, memoranda, cases cited, etc., that are contained in the record.

▮ Putting the best possible construction on the facts here in favor of the defendant, the Court finds that the title to the property at 217 Gallatin Street, N. W., Washington, D. C., now held as tenants by the entireties, should be transferred to the plaintiff in its totality.

The faithful performance of the marriage vows, taken together with the other claims of the defendant, such as alleged contribution for purchase of the property, etc., is held insufficient here to sustain any claim on the property when weighed against the plaintiff's contribution for the purchase of the property, and taking into consideration other principles of equity favoring his claim. The Court cannot shut its eyes here to the proceedings held earlier (Domestic Relations Branch, Municipal Court, No. D 560–56), and the award of alimony and support ordered in that action.

The Court considers that the findings of fact and conclusions of law set forth in this memorandum obviate the necessity of making specific findings of fact and conclusions of law.

Counsel for Plaintiff will prepare an order in accordance with the Court's findings as set forth hereinabove.