124 N.J. Super. 334 (1973)
306 A.2d 500
STATE OF NEW JERSEY, PLAINTIFF,
v.
NATHANIEL PITTMAN AND MIRIAM PITTMAN, DEFENDANTS.
Superior Court of New Jersey, Law Division (Criminal).
Decided June 8, 1973.
*335 Mr. Robert M. Holland, attorney for defendant Nathaniel Pittman.
Mr. Bruce Edington, attorney for defendant Miriam Pittman.
Mr. Joseph Regan, Assistant Prosecutor, argued for the State (Mr. James M. Coleman, Jr., Monmouth County Prosecutor, attorney).
McGOWAN, A.J.S.C.
Codefendants seek an order dismissing count I of an indictment charging them with conspiracy to make false statements to procure the issuance of credit cards, contrary to N.J.S.A. 2A:98-1, "Conspiracy."
The ground urged by both defendants is that at the time of the commission of the alleged offense, and presently, they were and are husband and wife, and because of this it is urged that they cannot be charged with conspiracy because of the common law concept of unity of spouses.
*336 The statute in question reads as follows:

2A:98-1. Conspiracy
Any 2 or more persons who conspire:
a. To commit a crime; or
b. Falsely and maliciously to indict another for a crime or to procure another to be charged or arrested; or
c. Falsely to institute and maintain any suit; or
d. To cheat and defraud a person of any property by any means which are in themselves criminal; or
e. To cheat and defraud a person of any property by any means which, if executed, would amount to a cheat; or
f. To obtain money by false pretenses; or
g. To conceal or spread any contagious disease; or
h. To commit any act for the perversion or obstruction of justice or the due administration of the laws 
Are guilty of a conspiracy and each shall be punished, in the case of a conspiracy to commit a crime involving the possession, sale or use of narcotic drugs, as for a high misdemeanor and in all other cases, as for a misdemeanor.
A research of applicable New Jersey law on the issue in question indicates that the law is indeed sparse. In State v. Carbone, 10 N.J. 329 (1952), the common law rule was stated to be (at 336) that: "A conspiracy consists * * * in the agreement of two or more persons (not being husband and wife) to do an unlawful act or to do a lawful act by unlawful means."
State v. Struck, 44 N.J. Super. 274 (Cty. Ct. 1957), is relied upon by defendants as being dispositive of the issue. Struck involved a situation where two married people were charged with conspiracy to obtain money by false pretenses, and after the court had first ruled that they could be so charged and a guilty verdict had been returned, the court set aside the verdict on the grounds that the legislative intent was to exclude a husband and wife from the purview and application of N.J.S.A. 2A:98-1. The court came to this conclusion after a thorough review of the statute's legislative history and the case law which, up to that time in 1957, had generally stressed the oneness of the marital relationship. Based upon this the court finally concluded that "the fiction *337 of unity of spouses is still a very real part of our law in this State." Finally, the court concluded that it was the function of the Legislature and not the judiciary to amend the conspiracy statute so as to include married couples, if such was intended.
In this connection it must be observed that there is no definite or specific elimination of married persons in the language of the statute as originally drawn. An interpretation and construction with respect to that portion of the statute which says, "Any 2 or more persons," was made to the effect that under the old fiction of oneness arising out of the marital relationship, two or more persons could thus not be included, and that a married couple would be considered as one person. So actually what we have here is a judicial construction of a legislative intent based upon a common law principle rather than the language employed in the statute. In this regard, it is interesting to note that the accessory after the fact statute (N.J.S.A. 2A:85-2) expressly excludes spouses from its operation. Thus, it could be inferred that if the Legislature had intended to immunize married couples from the proscription of N.J.S.A. 2A:98-1, it would have included an appropriate provision in the statute. However, the statutory construction employed in Struck, supra, was inferentially approved in State v. Thyfault, 121 N.J. Super. 487, 504-505 (Cty. Ct. 1972).
The three cited cases represent the present decisions on the subject in New Jersey. At the outset it should be observed and noted that this court is not obliged to follow trial court precedent in the absence of appellate authority. See Ferraro v. Ferro Trucking Co., 72 N.J. Super. 519-523 (Law Div. 1962); Wolf v. Home Ins. Co., 100 N.J. Super. 27, 35-36 (Law Div. 1968), aff'd 103 N.J. Super. 357 (App. Div. 1968).
An examination of the recent happenings in our society and in our case law and judicial precedent in other areas leaves the court with the obvious conclusion that as of 1973, *338 by reason of events occurring in recent years, the common law concept of oneness has been vitiated in this State and other States in many instances. New Jersey has abolished the rule of interspousal immunity for personal torts arising out of negligent operation of an automobile. Immer v. Risko, 65 N.J. 482 (1970); see N.J.S.A. 37:2-5. Furthermore, a married woman in New Jersey may now own property individually, N.J.S.A. 37:2-12; is liable for debts contracted in her own name, N.J.S.A. 37:2-10; may enter into a partnership with her husband, N.J.S.A. 37:2-16.1, and may testify in court against her husband in certain cases, N.J. Evidence Rule 32(2).
The majority of the other state and federal courts that have treated this issue have ruled to allow a charge of conspiracy against a married couple. The cases are collected at 4 A.L.R. 266; 71 A.L.R. 1116; 46 A.L.R.2d 1275, and A.L.R.2d Later Case Service at pages 695-696. The latest of these cases is People v. Lockett, 102 Cal. Rptr. 41, 25 Cal. App.3d 433 (Cal. App. 1972), holding that even where a husband and wife conspire only among themselves, they cannot claim immunity from prosecution on the basis of their marital status, thus essentially following the U.S. Supreme Court in United States v. Dege, 364 U.S. 51, 80 S.Ct. 1589, 4 L.Ed.2d 1563 (1960), reh. den. 364 U.S. 854, 81 S.Ct. 29, 5 L.Ed.2d 77 (1960). That case dealt with an indictment charging a husband and wife with conspiring to commit an offense in violation of § 371 of Title 18 of the United States Code, a statute basically quite similar to N.J.S.A. 2A:98-1. The federal district court dismissed the indictment on the ground that a husband and wife are legally incapable of conspiring. The Supreme Court reversed, and in doing so discussed the common law concept of oneness and disregarded it as obsolete, saying:
Such an immunity to husband and wife as a pair of conspirators would have to attribute to Congress one of two assumptions: either that responsibility of husband and wife for joint participation in a *339 criminal enterprise would make for marital disharmony, or that a wife must be presumed to act under the coercive influence of her husband, and, therefore, cannot be a willing participant. The former assumption is unnourished by sense; the latter implies a view of American womanhood offense to the ethos of our society. [80 S.Ct. 1591]
The court went on to add:
For this Court now to act on Hawkins's formulation of the medieval view that husband and wife "are esteemed but as one Person in Law, and are presumed to have but one Will" would indeed be "blind imitation of the past". It would require us to disregard the vast changes in the status of woman  the extension of her rights and correlative duties  whereby a wife's legal submission to her husband has been wholly wiped out, not only in the English speaking world generally but emphatically so in this country.
It is this court's opinion that the reasoning employed by the U.S. Supreme Court and just recited should be recognized and applied to the instant case. It is completely unrealistic to uphold an anachronism which suggests that in this day and age a married couple is legally incapable of engaging or agreeing to engage in illegal enterprises and therefore does not engage in them.
In regard to the argument that the courts should await specific legislation amending N.J.S.A. 2A:98-1, and until then interpret the law as excluding married couples from its proscription, as stated in 1957 in Struck, supra, this court sees no reason to infuse into the instant statute the concept of common law unity of husband and wife. I agree with the reasoning and language employed in the federal courts that
No reason remains why the law should not recognize the obvious fact that the relation of husband and wife does not prevent two persons from conspiring to commit an offense. The interest of society in repressing crime requires that the fact be recognized, and our common-law system does not require that its recognition await legislative action. [Johnson v. United States, 81 U.S. App. D.C. 254, 157 F.2d 209, 209 (D.C. Cir.1946)]
*340 See also Thompson v. United States, 227 F.2d 671, 673 (5 Cir.1955).
New Jersey should wait no longer in conforming to the modern commonsense view. Thus, I hold that the relationship of husband and wife does not prevent two persons from conspiring to commit a criminal offense and to be validly so charged.
The motion to dismiss count I is denied.