Emily P. MILLER, et al., Appellant,

v.

Raymond C. MILLER, et al., Appellee.

No. 84–484.

District of Columbia Court of Appeals.

Submitted Jan. 7, 1985.

Decided Feb. 6, 1985.

Harry T. Alexander, Jr., Washington, D.C., for appellant.

Richard C. Deering, Washington, D.C., for appellee.

Before NEBEKER, FERREN and ROGERS, Associate Judges.

PER CURIAM:

██ Appellants appeal the finding by the trial court that, upon the death of Ruby V. Miller, real property at 718 Farragut Street, N.W. passed to her surviving spouse, Raymond C. Miller, as a matter of law. They frame the issue before us as whether real property held by husband and wife as tenants by the entireties immediately passes *in toto* to the surviving spouse when, prior to the deceased spouse's death, the surviving spouse abandoned the marital abode, the deceased spouse filed a complaint for absolute divorce, and the surviving spouse filed an answer which requested the court to adjudicate the property rights of the parties. Since we hold that real property held as tenants by the entireties passes to a surviving spouse when no final divorce decree has entered, we affirm.

Mrs. Miller died on January 16, 1983. Prior to her death she had filed a complaint for absolute divorce alleging that she had been voluntarily separated from Mr. Miller for more than one year. Mr. Miller answered in a counterclaim alleging that the parties upon mutual consent voluntarily lived separate and apart continuously for a period of one year, that there was no likelihood of reconciliation, and that the parties owned real property in the District of Columbia of which Mr. Miller was entitled to at least one half. Mrs. Miller also prepared a will on October 23, 1982, in which she willed 718 Farragut Street, N.W. to appellants. Appellants argue that the foregoing

makes it clear that all the requirements for a divorce in the District of Columbia had been met and the parties had agreed that the property should be distributed by the court. They rely on *Hipp v. Hipp,* 191 F.Supp. 299 (D.D.C.1960), *aff'd,* 111 U.S. App.D.C. 307, 296 F.2d 429 (1961).

In its order of March 19, 1984, the trial court found that Ruby V. Miller and Raymond C. Miller were legally married at the time of Mrs. Miller's death even though she had filed an action for divorce. The court further found that Ruby V. Miller and Raymond C. Miller held the property at issue as tenants by the entireties at the time of Mrs. Miller's death. Appellants do not contest those factual findings.

■ D.C.Code § 16–910 (1981)[1] allows distribution of property held as tenants by the entireties only upon "the entry of a final decree of annulment or divorce in the absence of a valid ante-nuptial or post-nuptial agreement or decree of legal separation disposing of the property of the spouses...." *Sebold v. Sebold,* 143 U.S.App. D.C. 406, 413, 444 F.2d 864, 871 (1971) (tenancy by entireties becomes a tenancy in common only after a divorce decree has been rendered); *Hipp v. Hipp, supra,* 191 F.Supp. at 301 (upon entry of limited divorce decree, court had jurisdiction to adjudicate property rights of property held by the entireties). Moreover, a tenancy by the entireties precludes any other transfer or conveyance of the property, and hence effect cannot be given to the will of the deceased, Mrs. Miller, under which the property would go to her daughters. *Cole-*

*man v. Jackson,* 109 U.S.App.D.C. 242, 243, 286 F.2d 98, 99 (1960), *cert. denied,* 366 U.S. 933, 81 S.Ct. 1656, 6 L.Ed.2d 391 (1961) (neither tenant by the entireties can sell or pledge his or her interest or compel a partition of the property). This jurisdiction has recognized that a tenancy by the entireties is a convenient method of protecting a surviving spouse from the inconvenient administration of the decedent's estate and from the other's improvident debts. *Fairclaw v. Forrest,* 76 U.S.App. D.C. 197, 199, 130 F.2d 829, 831 (1942), *cert. denied,* 318 U.S. 756, 63 S.Ct. 531, 87 L.Ed. 1130 (1943) (each spouse is entitled to enjoyment and benefits of the whole property held by an entirety and neither has a separate estate therein which may be subjected to conveyance or execution). We find no basis here upon which to alter that result.

■ Moreover, appellants' reliance on the *Hipp* case is misplaced since those parties were granted a limited divorce while no kind of divorce exists in the instant case. Nor can appellants prevail on their constructive trust theory, a remedy which they argue can "be imposed whenever one unfairly holds title or property interest and where the holder would be unjustly enriched if permitted to retain such interest." *Osin v. Johnson,* 100 U.S.App.D.C. 230, 233, 243 F.2d 653, 656 (1957). The record does not indicate facts which would justify the imposition of a constructive trust on the property.[2]

Accordingly, the judgment is affirmed.

---

1. D.C.Code § 16–910 provides in pertinent part:
   Upon the entry of a final decree of annulment or divorce in the absence of a valid ante-nuptial or post-nuptial agreement or a decree of legal separation disposing of the property of the spouses, the court shall:
   (a) assign to each party his or her sole and separate property acquired prior to the marriage, and his or her sole and separate property acquired during the marriage by gift, bequest, devise, or descent, and any increase thereof, or property acquired in exchange therefor; and
   (b) distribute all other property accumulated during the marriage, regardless of whether

title is held individually or by the parties in a form of joint tenancy or tenancy by the entireties, ....

2. *See Hertz v. Klavan,* 374 A.2d 871, 873 (D.C. 1977) (constructive trust is remedial device used to force restitution in order to prevent unjust enrichment, as where a transfer of property was induced by a mistake of fact, embezzlement, conversion of goods, fraud, duress, undue influence, or breach of fiduciary duty, citing D. DOBBS, LAW OF REMEDIES § 4.3 (1973); G. BOGART, TRUSTS & TRUSTEES §§ 461 et seq. (2d ed. 1956)); *Coleman v. Jackson, supra,* 109 U.S.App.D.C. at 246, 286 F.2d at 102 (tenancy by the entireties reflects intent to make property inalienable).